Hearing Date: April 16, 2025 at 10:30 a.m.
Objection Deadline: April 9, 2025 at 4:00 p.m.

Steven J. Mandelsberg, Esq.
Joseph Orbach, Esq.
**THOMPSON COBURN LLP**
488 Madison Avenue, Suite 1400
New York, New York 10022
Telephone:      (212) 478-7200
E-mail:   smandelsberg@thompsoncoburn.com
          jorbach@thompsoncoburn.com

*Attorneys for 44 Avonwood Road Credit LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
 ------------------------------------------------------ X

In re

AVON PLACE LLC

                      Debtor.
 ------------------------------------------------------ X

Chapter 11

Case No. 25-41368 (JMM)

## MOTION OF SECURED CREDITOR 44 AVONWOOD ROAD CREDIT LLC FOR AN ORDER GRANTING RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. §§ 362(d)(1) and (2)

**TO:    THE HONORABLE JIL MAZER-MARINO,
        UNITED STATES BANKRUPTCY JUDGE:**

44 Avonwood Road Credit LLC ("Avonwood Credit") by its attorneys, Thompson Coburn LLP, respectfully submits this motion (the "Motion") pursuant to 11 U.S.C. (the "Bankruptcy Code") §§ 362(d)(1) and (2), for entry of an order (the "Order") substantially in the form annexed hereto as **Exhibit 1**, seeking relief from the automatic stay with respect to Avonwood Credit's Notes, Mortgages and Assignments (each as defined below) relating to the property located at 44, 46, 47 & 48 Avonwood Road, in the Town of Avon, County of Hartford and State of Connecticut (the "Property") owned, by Avon Place LLC (the "Debtor").

## BACKGROUND

### I.     Overview

1.     The Debtor is in default of its obligations under Avonwood Credit's Notes, Mortgages and Assignments (each as defined below) due to, *inter alia,* its failure to pay all outstanding principal, interest and fees due and owing by the Debtor to Avonwood Credit as well as other defaults under the Notes, Mortgages and Assignments. To date, Debtor has failed to make any payments due to Avonwood Credit (and its predecessor in interest) since at least July 1, 2024, and has also defaulted on its obligation to pay certain taxes and other expenses.  Accordingly, Avonwood Credit commenced a foreclosure action (the "Foreclosure Action") in Connecticut Superior Court, Judicial District of Hartford (the "Foreclosure Court") on February 27, 2025  (Case No. HHD-CV25-6199961-S).

### II.     The Notes, Mortgages and Assignments

2.     On or about September 30, 2022, the Debtor became indebted to Bankwell Bank ("Bankwell"), Avonwood Credit's predecessor in interest, as evidenced by a Promissory Note of the same date in the original principal amount of Twenty-Five Million Three Hundred Twelve Thousand Five Hundred and 00/100 Dollars ($25,312,500.00), made payable, together with interest, late charges, costs and expenses, as more particularly set forth therein (the "$25,312,500 Note"). A copy of the $25,312,500 Note is attached to the Complaint in the Foreclosure Action (the "Foreclosure Complaint") as Exhibit A.  The Foreclosure Complaint with its exhibits is attached hereto as **Exhibit 2** and incorporated herein.

3.     On or about October 21, 2022, the Debtor  became indebted to Bankwell as evidenced by a Non-Revolving Line of Credit Note of the same date in the original principal amount of Two Million Six Hundred Eighty-Seven Thousand Five Hundred and 00/100

Dollars 2,687,500.00), made payable, together with interest, late charges, costs and expenses, as more particularly set forth therein (the "$2,687,500 Note", and with the $25,312,500 Note, the "Notes").  A copy of the $2,687,500 Note is attached to the Foreclosure Complaint as Exhibit B and incorporated herein.

4.      As security for the $25,312,500 Note, on or about September 30, 2022, the Debtor granted an Open-End Mortgage Deed and Security Agreement of the Property in favor of Bankwell (the "$25,312,500 Mortgage"), which $25,312,500 Mortgage is conditioned upon the payment of the $25,312,500 Note according to its tenor, and the performance of certain covenants and conditions contained in the $25,312,500 Note. A copy of the $25,312,500 Mortgage is attached to the Foreclosure Complaint as Exhibit F and incorporated herein. The $25,312,500 Mortgage was recorded in Volume 779 at Page 698 of the Avon, Connecticut Land Records.

5.      As security for the $2,687,500 Note, on or about December 15, 2022, the Debtor granted an Open-End Mortgage Deed and Security Agreement of the Property in favor of Bankwell, as subsequently modified (as modified, the "$2,687,500 Mortgage", and with the $25,312,500 Mortgage, the "Mortgages"), which $2,687,500 Mortgage is conditioned upon the payment of the $2,687,500 Note according to its tenor, and the performance of certain covenants and conditions contained in the $2,687,500 Note. A copy of the $2,687,500 Mortgage is attached to the Foreclosure Complaint as Exhibit I and incorporated herein. The $2,687,500 Mortgage was recorded in Volume 781 at Page 503 of the Avon, Connecticut Land Records, which $2,687,500 Mortgage was modified by a First Amendment of Note, Open-End Mortgage and Other Loan Documents dated January 31, 2023, and recorded in Volume 782 at Page 707 of the Avon, Connecticut Land Records, as

modified by Second Amendment of Note, Open-End Mortgage and Other Loan Documents dated May 4, 2023, and recorded in Volume 784 at Page 736 of the Avon, Connecticut Land Records.

6.     Additional interest in the Property was provided by virtue of an Assignment of Leases and Rents dated September 30, 2022, and recorded in Volume 779 at Page 732 of the Avon, Connecticut Land Records (the "Sept. 30 Assignment"), and an Assignment of Leases and Rents dated December 15, 2022 (the "Dec. 15 Assignment", and with the Sept. 30 Assignment, the "Assignments") and recorded in Volume 781 at Page 537 of the Avon, Connecticut Land Records.

7.     Avonwood Credit succeeded Bankwell's rights in the Notes, Mortgages and Assignments, and Avonwood Credit recorded the assignment of mortgages and other instruments in Volume 800 at Pages 688-89 of the Avon, Connecticut Land Records.  A copy of the filed Assignment of Mortgages and Other Instruments as recorded in the Connecticut Land Records is attached hereto as **Exhibit 3** and incorporated herein.

### III.     The Foreclosure Action

8.     On February 27, 2025, Avonwood Credit commenced the Foreclosure Action against the Debtor through the filing of a Summons and the Foreclosure Complaint.  On that same date, Avonwood Credit filed a *Lis Pendens* and a motion for a receiver (the "Receiver Motion") which was corrected the following day.  The Receiver Motion was set to be submitted to the Court on March 24, 2025.  On March 20, 2025, the Debtor filed a Motion for Extension (the "Extension Motion") whereby it requested a thirty day extension to respond to the Receiver Motion.  That same day, Avonwood Credit filed an objection to the Extension Motion.

9.     In a last-minute, blatant attempt to delay the Foreclosure Court from considering the Receiver Motion, the Debtor filed its bankruptcy petition with no supporting documentation on March 21, 2025.[1]    The Debtor then proceeded to file a Notice of Bankruptcy with the Foreclosure Court thereby informing the Foreclosure Court that the Foreclosure Action has been stayed by operation of the Bankruptcy Code.

## JURISDICTION

10.     The Bankruptcy Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

11.     Pursuant to section 362 of the Bankruptcy Code, the filing of the Petition under Chapter 11 acts as a stay of the commencement, continuation, or enforcement of any action against a debtor's property.  By this Motion, Avonwood Credit seeks the entry of the Proposed Order, pursuant to Bankruptcy Code §§ 362(d)(1) and (2), for relief from the automatic stay in order to permit Avonwood Credit to continue and conclude the Foreclosure Action and to exercise its rights as a secured lender with respect to the Property, and grant such other and further relief as may be just and proper.

## ARGUMENT

### A.     Avonwood Credit's Interest In The Property Is Not Adequately Protected

12.     Avonwood Credit is entitled to relief from the automatic stay under Bankruptcy Code § 362(d)(1) because the Debtor cannot provide adequate protection of Avonwood

---

[1] As noted by the Clerk of the Bankruptcy Court, the petition was deficient as it failed to include: (i) Statement Pursuant to E.D.N.Y. LBR 1073−2(b); (ii) Corporate Ownership Statement Pursuant to Fed. R. Bankr. P. 1007(a)(1); (iii) Corporate Disclosure Statement Pursuant to Fed. R. Bankr. P. 1073−3; and (iv) Affidavit Pursuant to E.D.N.Y. LBR 1007−4, each of which was required to be filed at the same time as the bankruptcy petition. *See* Docket Number 2.  As of the filing of this Motion, none of these deficiencies have been cured.

Credit's interest in the Property.  11 U.S.C. § 362(d)(1) provides that the automatic stay can be terminated "for cause, including lack of adequate protection ...."  The burden of proof to justify the continuation of the automatic stay, once a motion for relief and a *prima facie* showing of cause have been made, is on the debtor.  11 U.S.C. § 362(g).  If the Debtor fails to establish to this Court that the interests of Avonwood Credit are being adequately protected, Avonwood Credit is entitled to relief from the automatic stay.

13.    Adequate protection is designed to protect the secured creditor from diminution in the value of its collateral during the continuation of the automatic stay. *See United Savings Ass'n of Texas v. Timbers of Inwood Forest Ass'n, Ltd.*, 484 U.S. 365, 370 (1988); *In re 300 Washington Street LLC*, 528 B.R. 534, 552 (Bankr. E.D.N.Y. 2015).  While adequate protection is not defined in the Bankruptcy Code, 11 U.S.C. § 361 sets forth three non-exclusive methods of providing a secured creditor with adequate protection of its interest in the debtor's property. *See In re Beker Industries Corp.*, 58 B.R. 725, 736 (Bankr. S.D.N.Y. 1986). To adequately protect the interests of Avonwood Credit, the Debtor could be required to (1) provide Avonwood Credit with periodic cash payments, (2) grant Avonwood Credit an additional or replacement lien to the extent that its interest in the Debtor's single asset is depreciating, or (3) grant Avonwood Credit such other relief that would provide it with the "indubitable equivalent" of its interest in the Property.

14.    Here, Avonwood Credit's interest in the Property is being diminished during the pendency of the Debtor's Chapter 11 case because principal, interest and fees continue to accrue on account of the Notes, and the Debtor has not been paying real property taxes which prime Avonwood Credit. *See* Foreclosure Complaint.  The Debtor has not yet filed its required bankruptcy schedules and statements, but upon information and belief the Debtor does not

have sufficient cash flow from which to make adequate protection payments to Avonwood Credit. In addition, adequate protection in the form of a replacement lien is unavailable to Avonwood Credit because the Debtor has no assets other than the Property, which is already subject to Avonwood Credit's Mortgages and Assignments. *See Petition* (noting that this is a single asset real estate case). Also, as explained more fully below, no "equity cushion" exists with which Avonwood Credit could receive such adequate protection.

15.     Accordingly, as the Debtor cannot offer Avonwood Credit adequate protection of Avonwood Credit's interest in the Property, Avonwood Credit should be granted relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

**B.      Avonwood Credit Is Entitled To Relief From The Automatic Stay
          Because Debtor Has No Equity In The Property**

16.     Avonwood Credit is entitled to relief from the automatic stay under Bankruptcy Code § 362(d)(2) because Debtor has no equity in the Property. In relevant part, section 362(d)(2) of the Bankruptcy Code provides as follows:

> [T]he court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> (2)     with respect to a stay of an act against property under subsection (a) of this section, if--
>
> (A)     the debtor does not have equity in such property; and
>
> (B)     such property is not necessary to an effective reorganization.

17.     Under section 362(d)(2), relief from the automatic stay must be granted if the debtor has no equity in the property and the property is not necessary to an effective reorganization. *See, e.g., In re Zeoli*, 249 B.R. 61, 64 (Bankr. S.D.N.Y. 2000) (noting relief

from the automatic stay must be granted if the requirements of section 362(d)(2) are satisfied); *In re Diplomat Electronics Corp.*, 82 B.R. 688, 692 (Bankr. S.D.N.Y. 1988).

18.     With respect to the first required prong, for purposes of section 362(d)(2), equity is defined as "the difference between the property value and the total amount of liens against it." *See In re YL West 87th Holdings I LLC*, 423 B.R. 421, 428 (Bankr. S.D.N.Y. 2010) (citations omitted); *see also In re Elmira Litho, Inc.*, 174 B.R. 892, 901 (Bankr. S.D.N.Y. 1994) (defining equity as "the difference between the value of the property and the total amount of claims that it secures"). Where the amount of secured debt on collateral exceeds the fair market value of the collateral itself, the debtor has no equity in the collateral, and relief from the stay should be granted. *See In re Thomas*, No. 14-11738, 2017 Bankr. LEXIS 26, *6 (Bankr. S.D.N.Y. Jan. 5, 2017) ("If the value of claims against a property exceeds the value of the property, the debtor has no equity in the property."); *In re de Kleinman*, 156 B.R. 131, 137 (Bankr. S.D.N.Y. 1993) (finding that debtors had no equity in collateral where the amount of secured debt exceeded the value of the collateral).

19.     In this case, as of the Petition Date, Avonwood Credit holds secured claims on account of its Notes, Mortgages and Assignments in excess of $28 million (plus fees, costs and other expenses). Additionally, several million dollars in secured debt have accrued on the Property as a result of property taxes and a junior mortgage in the amount of $3 million. *See* Foreclosure Complaint (detailing $344,518.13 in liens recorded against the Property). Since the full amount of debt secured by the Property, which is at least $31.5 million, far exceeds the fair market value of the Property, the Debtor does not have any equity in the Property.

20.     Exacerbating the Debtor's lack of equity in the Property are two other factors: the unfavorable general market conditions affecting multi-family housing, and the significant

impairment to the Property's value as a result of a fire which has rendered approximately one-third of the Property's units uninhabitable.  *See* Petition, section 12 noting "Fire Damage" requiring immediate attention. All of these circumstances undermine any assertion that the Debtor has equity in the Property.

21.    With respect to the second required prong under section 362(d)(2), the Supreme Court has stated that a debtor's burden of proof that the property is necessary to an effective reorganization is "not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect.*" *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 375–76, (1988)(emphasis in original).

22.    Elaborating upon its holding, the Court stated that "[t]his means, ... that there must be a reasonable possibility of a successful reorganization within a reasonable time." *Id.* (quotations and citation omitted). "The test is one of feasibility." *Id.; See also, In re Kolnberger*, 603 B.R. 253, 269-70 (Bankr. E.D.N.Y. 2019) (granting stay relief to lender in Chapter 13 case where there was no prospect to confirm a plan over secured lender's objection to desired loan modification); *In re 18 RVC, LLC,* 485 B.R. 492, 495-97 (Bankr. E.D.N.Y. 2012) (granting stay relief to lender in single asset real estate Chapter 11 case where secured lender's deficiency claim controlled unsecured creditor class and there was no prospect of confirming plan over lender's objection).

23.    Given Avonwood Credit's significant deficiency claim and the relatively modest dollar amount of general unsecured claims in this case (See Petition), the Debtor will be unable to confirm a Plan absent Avonwood Credit's consent.  Accordingly, Avonwood

Credit respectfully submits that it is entitled to enforce its rights against the Property, including, without limitation, the continued prosecution of the Foreclosure Action.[2]

### FORM FOR MOTIONS FOR RELIEF FROM STAY TO FORECLOSE

24.    As the Debtor is not an individual, Local Rules 4001-1(c) and (d) are inapplicable to this Motion.

### NO PRIOR REQUEST

25.    No previous application for the relief requested herein has been made to this or any other court.

---

[2] This stay relief motion is expressly made without prejudice to all of Avonwood Credit's other rights in this bankruptcy proceeding, including the right to seek conversion and/or dismissal of this case, the right to seek the appointment of a receiver, and the right to seek stay relief pursuant to Bankruptcy Code section 362(d)(3).

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Avonwood Credit respectfully requests that this Court grant its Motion for relief from the automatic stay pursuant to 11 U.S.C. §§ 361(d)(1) and (2) (i) to permit Avonwood Credit to continue and conclude the Foreclosure Action and to exercise its rights as a secured lender with respect to the Property, and (ii) grant such other relief as may be proper.

Dated: New York, New York
        March 31, 2025

                    **THOMPSON COBURN LLP**

                    By:  */s/ Joseph Orbach*
                          Steven J. Mandelsberg
                          Joseph Orbach
                          488 Madison Avenue
                          New York, NY  10022
                          Telephone: 212-478-7200
                          Fax: 212-478-7400
                          smandelsberg@thompsoncoburn.com
                          jorbach@thompsoncoburn.com

                          *Attorneys for 44 Avonwood Road Credit LLC*