# EXHIBIT 2

# FORECLOSURE COMPLAINT AND EXHIBITS

| | |
|---|---|
| RETURN DATE: MARCH 11, 2025 | : JUDICIAL DISTRICT OF HARTFORD |
| | : |
| 44 AVONWOOD ROAD CREDIT LLC | : AT HARTFORD |
| | : |
| V. | : |
| | : |
| AVON PLACE LLC, AHRON RUDICH, ALTBANQ LENDING LLC AND AVON PLACE CONDOMINIUM ASSOCIATION, INC. | : |
| | : FEBRUARY 13, 2025 |

## COMPLAINT

**FIRST COUNT (Action on $25,312,500.00 Note)**

1. On or about September 30, 2022, the Defendant Avon Place LLC ("Defendant Avon") became indebted to Bankwell Bank ("Bankwell"), the Plaintiff 44 Avon Road Credit LLC's ("Plaintiff") predecessor in interest, as evidenced by a Promissory Note of the same date in the original principal amount of Twenty-Five Million Three Hundred Twelve Thousand Five Hundred and 00/100 Dollars ($25,312,500.00), made payable, together with interest, late charges, costs and expenses, as more particularly set forth therein (the "$25,312,500 Note"). A copy of the $25,312,500 Note is attached hereto as <u>Exhibit A</u> and incorporated herein.

2. The $25,312,500 Note contains, inter alia, the provision for the additional payment of all costs and expenses of collection, including attorney's fees, incurred by the holder in any proceeding for the collection of the $25,312,500 Note.

3. The Plaintiff is the current holder and owner of the $25,312,500 Note.

4. The Defendant Avon is in default of its obligations under the $25,312,500.00 Note for failing to pay all sums due and owing thereunder.

5. Paragraph 9 of the $25,312,500 Note contains the following waiver:

PREJUDGMENT REMEDY WAIVER.

BORROWER ACKNOWLEDGES AND REPRESENTS THAT THE LOAN EVIDENCED BY THIS NOTE IS A COMMERCIAL TRANSACTION AND THAT THE PROCEEDS OF THE LOAN SHALL NOT BE USED FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES. BORROWER AND ANY SUBSEQUENT ENDORSER, GUARANTOR OR OTHER ACCOMMODATION MAKER HEREBY VOLUNTARILY WAIVE ANY RIGHTS TO NOTICE OR HEARING UNDER CHAPTER 903a OF THE CONNECTICUT GENERAL STATUTES AS NOW OR HEREAFTER AMENDED, OR AS OTHERWISE REQUIRED BY ANY LAW WITH RESPECT TO ANY PREJUDGMENT REMEDY WHICH THE HOLDER MAY ELECT TO USE OR WHICH IT MAY AVAIL ITSELF. THE BORROWER FURTHER WAIVES, TO THE GREATEST EXTENT PERMITTED BY LAW, THE BENEFITS OF ALL PRESENT AND FUTURE VALUATION, APPRAISEMENT, EXEMPTION, STAY, REDEMPTION AND MORATORIUM LAWS. THE BORROWER FURTHER WAIVES ANY REQUIREMENTS THAT LENDER OBTAIN A BOND OR ANY SIMILAR DEVICE IN CONNECTION WITH THE EXERCISE OF ANY REMEDY OR THE ENFORCEMENT OF ANY RIGHT HEREUNDER OR PERTAINING TO THE LOAN.

**SECOND COUNT (Action on $2,687,500.00 Note)**

1. On or about October 21, 2022, the Defendant Avon became indebted to Bankwell as evidenced by a Non-Revolving Line of Credit Note of the same date in the original principal amount of Two Million Six Hundred Eighty-Seven Thousand Five Hundred and 00/100 Dollars

($2,687,500.00), made payable, together with interest, late charges, costs and expenses, as more particularly set forth therein (the "$2,687,500 Note").

A copy of the $2,687,500 Note is attached hereto as <u>Exhibit B</u> and incorporated herein.

2. The $2,687,500 Note contains, inter alia, the provision for the additional payment of all costs and expenses of collection, including attorney's fees, incurred by the holder in any proceeding for the collection of the $2,687,500 Note.

3. The Plaintiff is the current holder and owner of the $2,687,500 Note.

4. The Defendant Avon is in default of its obligations under the $2,687,500 Note for failing to pay all sums due and owing thereunder.

5. Paragraph 8 of the $2,687,500 Note contains the following waiver:

**PREJUDGMENT REMEDY WAIVER.**

**MAKER ACKNOWLEDGES AND REPRESENTS THAT THE LOAN EVIDENCED BY THIS NOTE IS A COMMERCIAL TRANSACTION AND THAT THE PROCEEDS OF THE LOAN SHALL NOT BE USED FOR PERSONAL, FAMILY OR HOUSEHOLD PURPOSES. MAKER AND ANY SUBSEQUENT ENDORSER, GUARANTOR OR OTHER ACCOMMODATION MAKER HEREBY VOLUNTARILY WAIVE ANY RIGHTS TO NOTICE OR HEARING UNDER CHAPTER 903a OF THE CONNECTICUT GENERAL STATUTES AS NOW OR HEREAFTER AMENDED, OR AS OTHERWISE REQUIRED BY ANY LAW WITH RESPECT TO ANY PREJUDGMENT REMEDY WHICH THE HOLDER MAY ELECT TO USE OR WHICH IT MAY AVAIL ITSELF. THE MAKER FURTHER WAIVES, TO THE GREATEST EXTENT PERMITTED BY LAW, THE BENEFITS OF ALL PRESENT AND FUTURE VALUATION, APPRAISEMENT, EXEMPTION, STAY, REDEMPTION AND MORATORIUM LAWS. THE MAKER FURTHER**

WAIVES ANY REQUIREMENTS THAT LENDER OBTAIN A BOND OR ANY SIMILAR DEVICE IN CONNECTION WITH THE EXERCISE OF ANY REMEDY OR THE ENFORCEMENT OF ANY RIGHT HEREUNDER OR PERTAINING TO THE LOAN.

**THIRD COUNT (Action on the Ahron Rudich $25,312,500.00 Guaranty)**

1-2. Paragraphs 1 through 2 of the First Count are hereby made and incorporated as Paragraphs 1 through 2 of this the Third Count as if more fully set forth herein.

3. On or about September 30, 2022, the Defendant Ahron Rudich ("Defendant Rudich") executed a Limited Guaranty and Indemnification Agreement ("$25,312,500 Guaranty") in favor of Bankwell. A copy of the $25,312,500 Guaranty is attached hereto and incorporated herein pursuant to Practice Book § 10-29 as Exhibit C and incorporated herein.

4. The $25,312,500 Guaranty provides for the unconditional payment of any and all obligations and indebtedness of the Defendant Avon (subject to certain limitations set forth therein) to the Plaintiff, as successor in interest to Bankwell.

5. The Plaintiff is the current holder and owner of the $25,312,500 Note and the $25,312,500 Guaranty.

6. The Defendant Rudich is in default of his obligations under the $25,312,500 Guaranty due to his failure to make payments when due.

**FOURTH COUNT (Action on the Ahron Rudich $2,687,500.00 Guaranty)**

1-2. Paragraphs 1 through 2 of the Second Count are hereby made and incorporated as

4

Paragraphs 1 through 2 of this the Fourth Count as if more fully set forth herein.

3.   On or about October 21, 2022, the Defendant Rudich executed a Limited Guaranty and Indemnification Agreement ("$2,687,500 Guaranty") in favor of Bankwell. A copy of the $2,687,500 Guaranty is attached hereto and incorporated herein pursuant to Practice Book § 10-29 as Exhibit D and incorporated herein.

4.   The $2,687,500 Guaranty provides for the unconditional payment of any and all obligations and indebtedness of the Defendant Avon (subject to certain limitations set forth therein) to the Plaintiff, as successor in interest to Bankwell.

5.   The Plaintiff is the current holder and owner of the $2,687,500 Note and the $2,687,500 Guaranty.

6.   The Defendant Rudich is in default of his obligations under the $2,687,500 Guaranty due to his failure to make payments when due.

**FIFTH COUNT (Foreclosure of $25,312,500.00 Mortgage)**

1-2.   Paragraphs 1 through 2 of the First Count are hereby made and incorporated as Paragraphs 1 through 2 of this the Fifth Count as if more fully set forth herein.

3.   On or about September 30, 2022, the Defendant Avon was the owner of those certain condominium units located at 44, 46, 47 & 48 Avonwood Road a/k/a 46 Avonwood Road, in the Town of Avon, County of Hartford and State of Connecticut (the "Property"), which Property is attached hereto and incorporated herein pursuant to Practice Book § 10-29 as Exhibit

5

E and incorporated herein.

6. As security for the $25,312,500 Note, on or about September 30, 2022, the Defendant Avon granted an Open-End Mortgage Deed and Security Agreement of the Property in favor of Bankwell (the "$25,312,500 Mortgage"), which $25,312,500 Mortgage is conditioned upon the payment of the $25,312,500 Note according to its tenor, and the performance of certain covenants and conditions contained in the $25,312,500 Note. A copy of the $25,312,500 Mortgage is attached hereto as Exhibit F and incorporated herein.

7. The $25,312,500 Mortgage was recorded in Volume 779 at Page 698 of the Avon, Connecticut Land Records.

8. The Plaintiff claims an additional interest in the Property by virtue of an Assignment of Leases and Rents dated September 30, 2022, and recorded in Volume 779 at Page 732 of the Avon, Connecticut Land Records (the "$25,312,500 Assignment").

9. The Plaintiff is the current holder and owner of the $25,312,500 Note, $25,312,500 Mortgage and $25,312,500 Assignment.

10. The Defendant Avon is in default pursuant to the terms and conditions of the $25,312,500 Note and $25,312,500 Mortgage for its failure to make payments when due.

11. The Town of Avon may claim an interest in the Property by virtue of the following:

a. Lien in the amount of $298,013.89 for Avon Property Under the Uniform Relocation Assistance Act dated October 31, 2024, and recorded in Volume 798 at Page 328 of the Avon, Connecticut Land Records;

b. Lien in the amount of $46,504.24 for Avon Property Under the Uniform Relocation Assistance Act dated January 23, 2025, and recorded in Volume 800 at Page 352 of the Avon, Connecticut Land Records; and

c. Liens that may exist for outstanding real estate taxes on each unit that have not been recorded yet.

Said unpaid claims are prior in right to the Plaintiff's to the $25,312,500 Mortgage and will not be affected by this action.

12. Avon Place Condominium Association, Inc. may claim an interest in the Property by virtue of a lien for unpaid condominium fees, pursuant to 47-258 of the Connecticut General Statues, for nine (9) months of unpaid condominium fees, which claim is prior in right to the Plaintiff's $25,312,500 Mortgage and will not be affected by this action.

13. The Defendant Altbanque Lending, LLC may claim an interest in the Property by virtue of (i) an Open-End Mortgage Deed and Security Agreement in the original principal amount of $3,000,000.00 dated November 20, 2024, and recorded in Volume 798, Page 1124 of the Avon, Connecticut Land Records; and (ii) a Collateral Assignment of Leases and Rents in the original principal amount of $3,000,000.00 dated November 20, 2024, and recorded in Volume 798, Page 1160 of the Avon, Connecticut Land Records. These interests are junior and subsequent in right to the Plaintiff's $25,312,500 Mortgage and will be affected by this action.

14. The Defendant Avon Place Condominium Association, Inc. may claim an interest in the Property by virtue of a lien for unpaid condominium fees, which lien is not entitled to priority by virtue of 47-258 of the Connecticut General Statues. Said interest is junior and subsequent in right to the Plaintiff's $25,312,500 Mortgage and will be affected by this action.

15. The Defendant Avon is the record owner of the Property.

16. The Plaintiff caused a Notice of Lis Pendens ("Notice") to be recorded in the Avon, Connecticut Land Records and a true and attested copy thereof were served upon the Defendant Avon as the owner of record of the Property, evidencing the pendency of the instant action. A copy of the Notice is attached hereto and incorporated herein pursuant to Practice Book § 10-29 as <u>Exhibit G</u> and incorporated herein.

**SIXTH COUNT (Foreclosure of $2,687,500.00 Mortgage)**

1-2. Paragraphs 1 through 2 of the Second Count are hereby made and incorporated as Paragraphs 1 through 2 of this the Sixth Count as if more fully set forth herein.

3. On or about December 15, 2022, the Defendant Avon was the owner of those certain condominium units located at 44, 46, 47 & 48 Avonwood Road a/k/a 46 Avonwood Road, in the Town of Avon, County of Hartford and State of Connecticut (the "Property"), which Property is attached hereto and incorporated herein pursuant to Practice Book § 10-29 as <u>Exhibit H</u> and incorporated herein.

4. As security for the $2,687,500 Note, on or about December 15, 2022, the

8