UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re                                                                  Chapter 11

    Avon Place, LLC                                         Case no. 25-41368 (JMM)

                              Debtor.
--------------------------------------------------------x

## APPLICATION FOR ORDER FIXING LAST DATE FOR FILING PROOFS OF CLAIM

Avon Place, LLC (the "Debtor"), the debtor and debtor-in-possession, as and for its application for an order of this Court fixing a date certain as the last day for creditors holding claims against the Debtor's estate to file proofs of claim on account thereof, or be forever barred from receiving any distribution on account of such claims, respectfully represents:

1. On March 21, 2025, the Debtor filed a petition for relief under the protective provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. "101 et seq. (the "Bankruptcy Code").

2. To be in a position to confirm a plan, the Debtor must know the extent of the Debtor's liabilities, as claimed by its creditors.

3. Pursuant to Rule 3003(c)(4) of the Federal Rules of Bankruptcy Procedure, the Debtor respectfully requests an order fixing a date certain as the last day for creditors holding claims against the Debtor's estate to file proofs of claim on account thereof, or be forever barred from receiving any distribution for such claims (the "Bar Date").

4. The Debtor respectfully requests further, an order directing the manner of notice necessary and appropriate regarding the Bar Date. Annexed hereto for the Court's consideration is a proposed sample "Notice of Entry of an Order Fixing Last Date for Filing

Proofs of Claim and Claims Procedure", which the Debtor believes provides sufficient notice of the Bar Date.

5.	No previous motion for the relief requested has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter the prefixed order granting the relief requested herein, together with such other and further relief as is just and proper.

Dated:	New York, New York
	April 4, 2025

                                  BACKENROTH FRANKEL & KRINSKY, LLP
                                  Attorneys for the Debtor

                        By:   s/Mark Frankel
                                 488 Madison Avenue
                                 New York, New York 10022
                                 (212) 593-1100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                              Chapter 11

    Avon Place, LLC                                         Case no. 25-41368 (JMM)

                          Debtor.
------------------------------------------------------------x

## ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the application of the above-captioned Debtor and Debtor in Possession (the "Debtor"), for an order, pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3003(c)(3), fixing a deadline (the "Bar Date") and establishing procedures for filing proofs of claim and approving the form and manner of service thereof, and it appearing that the relief requested is in the best interests of the Debtor, its estate, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

ORDERED, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtor which arose on or prior to the filing of the Chapter 11 petitions on March 21, 2025 (the "Filing Date"), shall file a proof of such claim in writing or electronically on the Court's website at www.nysb.uscourts.gov so that it is received on or before _____, 2025 at 5:00 p.m. Eastern Time; and it is further

ORDERED, that notwithstanding any other provision hereof, proofs of claim filed by governmental units must be filed on or before September 17, 2025 at 5:00 p.m. Eastern Time (the date that is more than 180 days after the date of the order for relief); and it is further

ORDERED, that the following procedures for the filing of proofs of claim shall apply:

(a) Proofs of claim must conform substantially to Official Bankruptcy Form No. 410;

(b) Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts with the CM/ECF system may electronically create and file proofs of claim through the "File A Proof of Claim" link on the Court's website at www.nysb.uscourts.gov or by delivering the original proof of claim to the United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York, 11201;

(c) Proofs of claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court on or before the Bar Date;

(d) Proofs of claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and (iv) be denominated in United States currency; and it is further

ORDERED, that Proofs of Claim need not be filed as to the following types of claims:

(a) Any claim as to which the holder has already filed a proof of claim against the Debtor in the above-captioned case in a form substantially similar to Official Bankruptcy Form No. 410.

(b) Any claim that is listed on the Schedules filed by the Debtor, provided that (i) the claim is not scheduled as "disputed," "contingent" or "unliquidated"; and (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

(c) Any claim that heretofore has been allowed by Order of this Court;

(d) Any claim that has been paid in full by the Debtor;

(e) Any claim for which different specific deadlines have previously been fixed by this Court;

(f) Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estate; and it is further

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

ORDERED, that holders of equity interests in the Debtor need not file proofs of interest with respect to the ownership of such equity interests; provided, however, that if any such holder asserts a claim against the Debtor (including a claim relating to an equity interest or the

purchase or sale of such equity interest), a proof of such claim must be filed on or prior to the applicable Bar Date pursuant to the procedures set forth in this Order; and it is further

ORDERED, that if the Debtor amends or supplements the Schedules subsequent to the date hereof, the Debtor shall give notice of any amendment or supplement to the holders of claims affected thereby, and such holders shall be afforded 30 days from the date of such notice to file proofs of claim in respect of their claims or be barred from doing so, and shall be given notice of such deadline; and it is further

ORDERED, that nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

ORDERED, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

ORDERED, that a copy of the notice substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail at least 35 days prior to the Bar Date on:

(a) the United States trustee;

(b) counsel to each official committee;

(c) all persons or entities that have requested notice of the proceedings in the chapter 11 case;

(d) all persons or entities that have filed claims;

(e) all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

(f) all parties to executory contracts and unexpired leases of the Debtor;

(g) all parties to litigation with the Debtor;

(h) the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

(i) such additional persons and entities as deemed appropriate by the Debtor; and it is further

ORDERED, that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

ORDERED, that the Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED, that entry of this Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

Dated: New York, New York
　　　　＿＿＿＿＿＿＿＿＿＿, 2025

_____
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                                        Chapter 11
       Avon Place, LLC                                        Case no. 25-41368 (JMM)
                               Debtor.
-----------------------------------------------------------x

**NOTICE OF DEADLINE REQUIRING FILING OF PROOFS OF
CLAIM ON OR BEFORE _____, 2025**
**To All Persons And Entities With Claims Against Avon Place, LLC:**

The United States Bankruptcy Court for the Eastern District of New York has entered an Order establishing **_____, 2025** (the "Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts) to file a proof of claim against Avon Place, LLC (the "Debtor").

The Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtor that arose prior to March 21, 2025, the date on which the Debtor commenced a case under Chapter 11 of 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), except for claims listed in Section 4 below that are specifically excluded from the Bar Date filing requirement.

I.      **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a Chapter 11 plan filed by the Debtor or to share in distributions from the Debtor's bankruptcy estate if you have a claim, that arose prior to March 21, 2025 (the "Filing Date"), and it is not one of the types of claims described in Section 4 below. Claims based on acts or omissions of the Debtor that occurred before the Filing Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or

unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2. **WHAT TO FILE**

Your filed proof of claim must conform substantially to Official Form No. 410, a case- specific proof of claim form accompanies this Notice. Additional proof of claim forms may be obtained at www.uscourts.gov/forms/bankruptcy-forms.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States Currency. You should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

**Your proof of claim form must not contain complete social security numbers or taxpayer identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials) or a financial account number (only the last four digits of such financial account).**

3. **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be received on or before _____, 2025.

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts with the CM/ECF system may create electronically and file proofs of claim through the "File A Proof of Claim" link on the Court's website at www.nysb.uscourts.gov or by mailing or delivering the original proof of claim to the Court at the address provided below:

United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York, 11201

Proofs of claim will be deemed timely filed only when <u>received</u> by the Bankruptcy Court on or before the Bar Date. A proof of claim may not be delivered by facsimile, telecopy or electronic mail transmission.

4. **CLAIMS FOR WHICH PROOFS OF CLAIM NEED NOT BE FILED**

You do not need to file a proof of claim on behalf of a claim on or prior to the Bar Date if the claim falls into one of the following categories:

(a) Any claim that has already been asserted in a proof of claim against the Debtor with the Clerk of the Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form No. 410;

(b) Any claim that is listed on the Schedules filed by the Debtor, provided that (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated" <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules;

    (c)       Any claim that previously been allowed by Order of the Court;

    (d)       Any claim that has been paid in full by the Debtor;

    (e)       Any claim for which a different deadline has previously been fixed by this Court; and

    (f)       Any claim allowable under § 503(b) and § 507(a) (2) of the Bankruptcy Code as an expense of administration of the Debtor's estate.

If you are a holder of an equity interest in the Debtor, you need not file a proof of interest with respect to the ownership of such equity interest at this time. However, if you assert a claim against the Debtor, including a claim relating to such equity interest or the purchase or sale of such interest, a proof of such claim must be filed on or prior to the Bar Date pursuant to procedures set forth in this Notice.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid claim against the Debtor. The fact that you have received this Notice does not mean that you have a claim or that the Debtor or the Court believe that you have a claim against the Debtor.

5.       **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you have a claim arising out of the rejection of an executory contract or unexpired lease as to which the order authorizing such rejection is dated on or before _____, the date of entry of the Bar Order, you must file a proof of claim by the Bar Date. Any person or entity that has a claim arising from the rejection of an executory contract or unexpired lease, as to which the order is dated after the date of entry of the Bar Order, must file a proof of claim with respect to such claim by the date fixed by the Court in the applicable order authorizing rejection of such contract or lease.

6.       **CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THIS ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

7.     **THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as the holder of a claim against the Debtor in the Debtor's Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively the "Schedules"). If you rely on the Debtor's schedules, it is your responsibility to determine that the claim is accurately listed in the schedules.

As set forth above, if you agree with the nature, amount and status of your claim as listed in the Debtor's Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtor's Schedules are available for inspection on the Court's Internet Website at http://www.nysb.uscourts.gov. A login and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Debtor's Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York, 11201. Copies of the Debtor's

Schedules may also be obtained by written request to Debtor's counsel at the address and telephone number set forth below:

Backenroth Frankel & Krinsky, LLP
488 Madison Ave. Fl 23
New York, New York 10022
Attn:   Mark Frankel
(212) 593-1100

**A holder of a possible claim against the Debtor should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

Dated: New York, New York                               BY ORDER OF THE COURT
_____, 2025.

Backenroth Frankel & Krinsky, LLP,
488 Madison Avenue
New York, New York 10022
(212) 593-1100
Attn: Mark Frankel