Mark Frankel  
Backenroth Frankel & Krinsky, LLP  
488 Madison Avenue, Floor 23  
New York, New York 10022  
(212) 593-1100

Presentment Date and Time:  
April 28, 2025 10:00 a.m.

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
----------------------------------------------------------x  
In re

    Avon Place, LLC,

                  Debtor.  
----------------------------------------------------------x

Chapter 11

Case No. 25-41368 (JMM)

## NOTICE OF PRESENTMENT

      PLEASE TAKE NOTICE, under Section 327(a) of the Bankruptcy Code, Local Rule 9074-1, and the attached application for retention of Backenroth Frankel & Krinksy, LLP at attorneys for the above-captioned debtor, the undersigned will present the attached proposed order to the Honorable Jill Maizer-Marino, United States Bankruptcy Judge, for signature on April 28, 2025 at 10:00 a.m.

      PLEASE TAKE FURTHER NOTICE that unless a written objection to the proposed order, with proof of service, is filed with the Clerk of the Court and two courtesy copies are delivered to the Bankruptcy Judge's chambers at least three days before the date of presentment, there will not be a hearing and the order may be signed.

      PLEASE TAKE FURTHER NOTICE that if a written objection is timely filed, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

      PLEASE TAKE FURTHER NOTICE that the ECF docket number to which the filing relates shall be included in the upper right-hand corner of the caption of all objections.

Dated: New York, New York  
       April 4, 2025

                              BACKENROTH FRANKEL & KRINSKY, LLP  
                              Proposed Attorneys for the Debtor

                              By: s/Mark A. Frankel  
                                  488 Madison Avenue  
                                  New York, New York 10022  
                                  (212) 593-1100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                    Chapter 11

    Avon Place, LLC                                         Case no.  25-41368 (JMM)

                              Debtor.
---------------------------------------------------------x

**APPLICATION TO RETAIN BACKENROTH FRANKEL & KRINSKY, LLP AS DEBTOR'S GENERAL BANKRUPTCY COUNSEL**

        Avon Place, LLC, the debtor and debtor-in-possession herein (the "Debtor"), as and for its application to retain Backenroth Frankel & Krinsky, LLP as counsel to the Debtor as of the filing of the above-captioned case pursuant to section 327(a) of the Bankruptcy Code, respectfully represents as follows:

        1.      On March 21, 2025 ("Filing Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.  The Debtor has continued in possession of its property as a debtor-in-possession.  No trustee or creditors committee has been appointed.

        2.      The Debtor seeks to employ Backenroth Frankel & Krinsky, LLP ("BFK"), which maintains an office for the practice of law at 488 Madison Avenue, New York, New York 10022, as its general bankruptcy counsel.

        3.      The Debtor has selected BFK because the members of BFK have considerable expertise in the fields of debtors and creditors rights, debt restructuring and corporate reorganizations, and commercial litigation, among others.  The Debtor believes that BFK is well qualified to represent the Debtor in these proceedings.

        4.      The professional services BFK will be render are:  providing the Debtor with legal counsel regarding its powers and duties as a debtor-in possession in the continued

operation of its business and management of its property during the Chapter 11 case; preparing on behalf of the Debtor all necessary applications, answers, orders, reports, and other legal documents which may be required with the Chapter 11 case; providing the Debtor with legal services regarding formulating and negotiating a plan of reorganization with creditors; and performing such other legal services for the Debtor as required during the Chapter 11 case, including but not limited to, the institution of actions against third parties, with exceptions set forth below, objections to claims, and the defense of actions which may be brought by third parties against the Debtor, except as explained below.

5. The Debtor reserves the right to seek approval from the Court to retain special counsel to extent necessary to provide the Debtor with corporate, real estate and or litigation services.

6. BFK will take all steps necessary to avoid any unnecessary duplication of services with any other professionals retained by the Debtor.

7. On or about March 21, 2025, the Debtor paid BFK $40,000 as an initial retainer for the Debtor's Chapter 11 case.

8. Subject to Court approval, compensation will be paid to BFK for services provided on an hourly basis plus reimbursement of actual, necessary expenses incurred. BFK's hourly rates for matters related to these Chapter 11 proceedings are as follows: paralegal time: $250, Scott A. Krinsky: $650, Mark A. Frankel: $695, Abraham J. Backenroth: $750.

9. The hourly rates above are subject to periodic adjustment to reflect economic and other conditions. The hourly rates above are standard for work of this nature.

Those rates are designed to fairly compensate BFK for the work of its attorneys and paralegals and to cover fixed overhead expenses.

10. BFK intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the applicable Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, orders of the Court, and the Guideline promulgated by the United States Trustee. Compensation will be payable to BFK in compliance with the above rules, on an hourly basis, plus reimbursement of actual, necessary expenses incurred by BFK.

11. The Debtor believes that the retention of BFK in the best interest of the Debtor's estate.

12. No receiver, trustee or examiner has been appointed nor have any official committees been appointed.

13. No prior application has been made for the relief requested herein.

WHEREFORE, the Debtor respectfully requests that this Court enter the prefixed order and grant such other and further relief as it deems just and proper.

Dated: New York, New York
       April 4, 2025

By:    s/David Goldwasser, CRO

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                    Chapter 11

    Avon Place, LLC                                         Case no.  25-41368 (JMM)

                           Debtor.                             **AFFIDAVIT**
----------------------------------------------------------x
STATE OF NEW YORK       )
                                ) ss.:
COUNTY OF NEW YORK  )

        Mark A. Frankel, being duly sworn, deposes and says:

        1.        I am a member of the firm of Backenroth Frankel & Krinsky, LLP ("BFK"), which maintains an office for the practice of law at 488 Madison Avenue, New York, New York 10022.  I am fully familiar with the facts stated and make this affidavit to support the application to retain BFK as counsel to the above-captioned debtor (the "Debtor").

        2.        I am duly admitted to practice before this Court and will assume primary responsibility for this matter.

        3.        The undersigned reviewed the Debtor's creditor matrix, the Debtor's known professionals, the staff roster of the United States Trustee for the Eastern District of New York and Judge Mazer-Marino's chambers.  I then conducted a search of BFK's current and former clients.  Insofar as I have been able to ascertain, the members and associates of BFK are disinterested parties within the meaning of ' 101(14) of the Bankruptcy Code, and under Bankruptcy Code section 327 and Bankruptcy Rule 2014, do not hold or represent an interest adverse to the Debtor's estate, its respective creditors, the Office of the United States Trustee, Judge Mazer-Marino's staff or any other party in interest, or their respective attorneys and

accountants. I believe that BFK is a "disinterestedness person" as defined in section 101(14) of the Bankruptcy Code.

4. BFK's hourly rates are: paralegal time: $250, Scott A. Krinsky: $650, Mark A. Frankel: $695, Abraham J. Backenroth: $750. If BFK determines to raise its hourly rates, then BFK will notify the Court and the United States Trustee of such raise in writing. BFK also shall seek reimbursement of its expenses, as allowed pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court, for out of pocket expenses such as out of pocket travel expenses in the amount incurred, filing fees in the amount incurred, and Westlaw computerized legal research in the amount incurred. The hourly rates above are subject to periodic adjustment to reflect economic and other conditions. The hourly rates above are standard for work of this nature. The rates are designed to fairly compensate BFK for the work of its attorneys and paralegals and to cover fixed routine overhead expenses.

5. On or about March 21, 2025, the Debtor paid BFK $40,000 as and for its initial retainer for the Debtor's Chapter 11 case.

6. BFK agrees to apply any interim and final fee awards against the unused retainer as such awards are made, before seeking additional funds from the Debtor to cover such awards. BFK will be paid for the legal services rendered upon application duly filed and approved by this Court pursuant to Bankruptcy Code § 330.

7. In connection with its proposed retention by the Debtor in this case, BFK has obtained from the Debtor the names of individuals and entities that may be parties-in-interest in these Chapter 11 Cases (the "Potential Parties in Interest"). BFK then compared the names of

the Potential Parties in Interest with the names of entities that have been BFK clients in the last three years. This inquiry revealed that none of the Potential Parties in Interest (or their apparent affiliates or entities that BFK believes to be affiliates, as the case may be) have been BFK clients within the last three years

8.  BFK has not undertaken and shall not undertake the representation of any individual or entity in this case while it is retained by the Debtor.

9.  No agreement or understanding exists between BFK and any person for a division of compensation or reimbursement received or to be received or in connection with the within cases.

10.  I have read and am fully familiar with the Bankruptcy Code, Bankruptcy Rules and Local Rules, and I am sufficiently competent to handle whatever might be reasonably expected of the Debtor's counsel.

s/Mark Frankel

Sworn to before me this
April 3, 2025


s/Scott Krinsky
Notary Public

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                    Chapter 11

    Avon Place, LLC                          Case no.  25-41368 (JMM)

                      Debtor.
---------------------------------------------------------x

## ORDER AUTHORIZING EMPLOYEMN AND RETENTION OF BANKRUPTCY COUNSEL FOR THE DEBTOR

Upon the application of Avon Place, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor"), for entry an order, pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure, authorizing the employment of Backenroth Frankel & Krinsky, LLP ("BFK") as bankruptcy counsel to the Debtor [Dkt. No. ___]; and upon the affidavit of Mark Frankel, which is annexed to the Application (the "Declaration"); and it appearing that BFK is a "disinterested person" within the meaning of sections 101(14) and 327 of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtor's estate; and this Court having determined that employment of BFK by the Debtor is in the best interests of the Debtor, its estate and its creditors; and adequate notice of the Application having been given; and after due deliberation and sufficient cause appearing therefor; it is hereby

ORDERED, that pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtor is authorized to employ BFK as its bankruptcy counsel, effective as of March 21, 2025; and it is further

ORDERED, that BFK shall seek compensation for its services and reimbursement of its expenses upon application to the Court, and upon notice and a hearing, pursuant to 11 U.S.C. §§ 330 and 331, Bankruptcy Rule 2016, E.D.N.Y.L.B.R.2016 and the Guidelines of the

Office of the United States Trustee, and no fees or expenses will be payable except upon further order of the Court; and it is further

ORDERED, that BFK shall apply the remaining amount of any pre-petition retainer as a credit towards post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to order the Court; and it is further

ORDERED, that prior to any increases in BFK's rates, BFK shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and all rates and rate increases are subject to review by the Court; and it is further

ORDERED, that, notwithstanding any provision to the contrary in the Application or the Declaration, the Court may retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

**NO OBJECTION:**
**WILLIAM K HARRINGTON**
**UNITED STATES TRUSTEE, REGION 2**

By: _____

Trial Attorney
Office of the United States Trustee
201 Varick Street, Suite 1006
New York, New York 10014
(202) 573-6935

Dated: New York, New York
_____ \_\_, 2025