Mark Frankel
Backenroth Frankel & Krinsky, LLP
488 Madison Avenue, Floor 11
New York, New York  10022
(212) 593-1100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                                                            Chapter 11

    Avon Place, LLC                                           Case no.  25-41368 (JMM)

                       Debtor.
-------------------------------------------------------x

# **PLAN OF REORGANIZATION**

## INTRODUCTION

Avon Place, LLC ("Debtor"), proposes this Plan of Reorganization to its Creditors. UPON CONFIRMATION, THIS PLAN SHALL BE A BINDING OBLIGATION BETWEEN AND AMONG THE DEBTOR AND EACH OF THE DEBTOR'S CREDITORS (AS SUCH TERMS ARE DEFINED BELOW).

## DEFINITIONS

1. As used in this Plan, the following terms will have the meanings hereinafter set forth:

"Administrative Expense" Any cost or expense of administration of the Bankruptcy Case entitled to priority under section 507(a)(1) and allowed under section 503(b) of the Bankruptcy Code, and any fees or charges assessed against the Debtor's Estate under Chapter 123, Title 28, United States Code.

"Administrative Expense Claim" shall mean a Claim for payment of an Administrative Expense.

"Allowance Date" shall mean the date which a Disputed Claim becomes an Allowed Claim by Final Order.

"Allowed Amount" shall mean the amount of a Claim: (a) to the extent that a Proof of Claim is filed timely or, with leave of the Court late filed as to which (i) no party in interest files an objection or (ii) which is allowed by a Final Order; or (b) which is listed on the Debtor's schedules or any amendments thereto but which is not listed therein as disputed, unliquidated or contingent.

"Allowed Claim" shall mean a Claim: (a) to the extent that a Proof of Claim is filed timely or, with leave of the Court late filed as to which (i) no party in interest files an objection or (ii) which is allowed by a Final Order; or (b) which is listed on the Debtor's schedules or any amendments thereto but which is not listed therein as disputed, unliquidated or contingent.

"Allowed Secured Claim" shall mean a Secured Claim to the extent it is an Allowed Claim.

"Allowed Unsecured Claim" shall mean an Unsecured Claim to the extent it is an Allowed Claim.

"Bankruptcy Case" shall mean this Chapter 11 bankruptcy case.

"Bankruptcy Code" shall mean Title 11 of the United States Code (11. U.S.C. § 101 et. seq.

"Bankruptcy Court" shall mean the Court as defined below.

"Bar Date" shall mean _____, 2025.

"Cash" shall mean all cash and cash equivalents which evidence immediately available funds in United States dollars.

"Claim" shall have the meaning set forth in § 101(5) of the Bankruptcy Code.

"Claimant" shall mean the holder of a Claim.

"Confirmation Date" shall mean the date of the entry of the Confirmation Order.

"Confirmation Hearing" shall mean the hearing pursuant to the Bankruptcy Code Section 1128 before the Bankruptcy Court regarding the proposed confirmation of the Plan.

"Confirmation Order" shall mean the order of the Court confirming the Plan.

"Court" shall mean the United States Bankruptcy Court for the Southern District of New York.

"Creditor" shall mean any entity that holds a Claim against the Debtor.

"Debtor" shall mean Avon Place, LLC.

"Disclosure Statement" shall mean the disclosure statement filed in connection with the Plan.

"Disputed Claim" shall mean the whole or any portion of any Claim against the Debtor to which an objection is timely filed as to which a Final Order has not been entered allowing or disallowing such Claim or any portion thereof.

"Disputed Claim Reserve" shall mean Cash to be set aside by the Debtor on the Effective Date in an amount equal to the amount that would have been distributed to the holders of Disputed Claims had such Claims been deemed Allowed Claims on the Effective Date, or in such other amount as may be approved by the Bankruptcy Court.

"Effective Date" shall mean the Date upon which the Confirmation Order is entered, or such other date no later than 60 days after the Confirmation Order is entered as may be practicable.

"Estate" shall mean the estate of the Debtor created upon the commencement of the Bankruptcy Case pursuant to Section 541 of the Bankruptcy Code.

"Executory Contracts" shall mean "executory contracts" and "unexpired leases" as such terms are used within Section 365 of the Bankruptcy Code.

"Final Order" shall mean an order of a court that has not been reversed, modified, amended or stayed, and as to which the time to appeal or to seek review or certiorari thereof has expired, and as to which no appeal, review or rehearing is pending.

"Impaired" shall mean not Unimpaired.

"Interest" shall mean an existing ownership interest in the Debtor.

"Interest Holder" shall mean a holder and owner of an existing Interest in the Debtor.

"Legal Rate" shall mean the applicable interest rate as set forth in 28 U.S.C. §1961 as of the Petition Date.

"Lien" shall mean a valid and enforceable charge against or interest in property to secure payment of a debt or performance of an obligation.

"Mortgagee" shall mean 44 Avon Road Credit LLC.

"Petition Date" shall mean March 21, 2025.

"Plan" shall mean this Plan of Reorganization, and any and all modifications and/or amendments hereto.

" Property" shall mean one hundred and eighty (180) condominium units owned by the Debtor at the property known as Avon Place Condominiums and located at 44-46-47-48 Avonwood Road, Avon, CT 06001.

"Secured Claim" shall mean a Claim secured by a Lien on property included within the Debtor's Estate, or that is subject to setoff under Section 553 of the Bankruptcy Code, to the extent provided in Section 506 of the Bankruptcy Code.

"Secured Creditor" shall mean the owner or holder of a Secured Claim.

"Unimpaired" shall mean not impaired under section 1124 of the Bankruptcy Code.

"Unsecured Claim" shall mean a Claim that is not a Secured Claim. An Unsecured Claim includes, but is not limited to, a Claim for damages resulting from rejection of any Executory Contract pursuant to Section 365 of the Bankruptcy Code, and does not include Administrative Expense Claims.

"Unsecured Creditor" shall mean the owner or holder of an Unsecured Claim.

## CLAIMS CLASSIFICATION AND TREATMENT

### Class 1

2. **Classification** – Avon Connecticut real estate tax, water, sewer and other liens. . Class 1 Claims total approximately $584,403.

3. **Treatment** -- Payment in full in Cash of Allowed Amount on the Effective Date, plus interest at the applicable statutory rate as it accrues from the Petition Date through the date of payment.

4. **Voting** – Unimpaired and deemed to have accepted the Plan.

**Class 2**

5.  **Classification** – Allowed Secured Claims of the Mortgagee.  The Debtor estimates that principal, non-default contract rate of interest, amortization, advances and other charges total approximately $28,100,785 as of the Petition Date.

6.  **Treatment** – On the Effective Date, pursuant to section 1124(2) of the Bankruptcy Code, the Debtor shall cure pre-Petition Date and post-Petition Date monetary defaults, if any, and then comply with its obligations under the applicable loan documents through maturity.  The Debtor intends to refinance or sell the Property and prepay all amounts on the Effective Date..

7.  **Voting** – Unimpaired and deemed to have accepted the Plan.

**Class 3**

8.  **Classification** – Allowed Secured Claim of Altbanq Lending LLC.  The Debtor estimates that $3,000,000 is due as of the Petition Date secured by a mortgage on the Property.

9.  **Treatment** – On the Effective Date, pursuant to section 1124(2) of the Bankruptcy Code, the Debtor shall cure pre-Petition Date and post-Petition Date monetary defaults, if any, and then comply with its obligations under the applicable loan documents through maturity.  The Debtor intends to refinance or sell the Property and prepay all amounts on the Effective Date..  The Debtor intends to refinance and prepay all amounts on the Effective Date.

10. **Voting** – Unimpaired and deemed to have accepted the Plan.

### Class 4

11. **Classification** – Priority Claims under Sections 507(a)(2),(3),(4),(5),(6),(7) and (8) of the Bankruptcy Code.  Claims total approximately $0.

12. **Treatment** – Payment in full in Cash of Allowed Amount on the Effective Date, plus interest at the applicable statutory rate as it accrues from the Petition Date through the date of payment.

13. **Voting** -- Unimpaired and deemed to have accepted the Plan.

### Class 5

14. **Classification** – General Unsecured Claims.  Claims total approximately $1,287,148.

15. **Treatment** – Payment in full in Cash plus interest through the payment date on the Effective Date.

16. **Voting** – Unimpaired and deemed to have accepted the Plan.

### Class 6

17. **Classification** – Allowed Equity Interests .

18. **Treatment** – Interest Holders shall be required to contribute the funds necessary to make Effective Date payments under the Plan and shall retain their Interests under the Plan.

19. **Voting** – Impaired and entitled to vote to accept or reject the Plan.

## UNCLASSIFIED PRIORITY TAX CLAIMS

20. Priority tax Claims under Section 507(a)(8) of the Bankruptcy Code by Debtor, if any, shall be entitled to payment in Cash on the Effective Date of Allowed Amount, plus interest at the applicable statutory rate as it accrues from the Petition Date through the date of payment.

## ADMINISTRATIVE EXPENSES

21. Allowed Administrative Expense Claims, including professional fees, shall be paid in full in Cash on the later of the Effective Date and the date such Administrative Expense Claim becomes Allowed or as soon as practicable thereafter, except to the extent that the holder of an Allowed Administrative Expense Claim agrees to a different treatment; provided, however, that Allowed Administrative Expense Claims representing obligations incurred in the ordinary course of business or under Executory Contracts assumed by the Debtor shall be paid in full or performed by the Debtor in the ordinary course of business or pursuant to the terms and conditions of the particular transaction. The Debtor estimates that through the entry of a final decree in this case, Allowed Administrative Expenses will total approximately 315,000.

22. Any outstanding U.S. Trustee fees and any statutory interest thereon shall be paid in full in Cash on the Effective Date. Thereafter, United States Trustee fees and any statutory interest thereon shall be paid until entry of final decree or until Bankruptcy Case is converted or dismissed. The Debtors shall file quarterly post-Confirmation operating reports.

## MEANS FOR IMPLEMENTATION

23. **Source of Funds** – Plan payments will be paid by the Interest Holders, cash on hand, and additional funds from a refinancing or sale of the Property.

24. **Vesting** -- Except as otherwise provided in the Plan, on the Effective Date all assets and properties of the Estate shall vest in the Debtor free and clear of all Liens, Claims and encumbrances and any and all liens, claims and encumbrances that have not been expressly preserved under the Plan shall be deemed extinguished as of such date. Except as otherwise provided herein, as of the Effective Date, all property of the Debtor shall be free and clear of all Claims and Interests of Creditors, except for the obligations that are imposed under the Plan or by a Final Order of the Bankruptcy Court.

25. **Execution of Documents** -- The Proponent shall be authorized to execute, in the name of any necessary party, any notice of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved in the Plan and deliver such notices to any and all federal, state and local governmental agencies or departments for filing and recordation.

26. **Recording Documents** -- Each and every federal, state and local governmental agency or department shall be authorized to accept and record any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transaction contemplated by the Plan, including, but not limited to any and all notices of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved by the Plan, and the Confirmation Order.

27. **Preservation of Claims** -- All rights pursuant to sections 502, 544, 545 and 546 of the Bankruptcy Code, all preference claims pursuant to section 547 of the Bankruptcy

Code, all fraudulent transfer claims pursuant to sections 544 and 548 of the Bankruptcy Code, and all claims relating to post-Petition Date transactions under section 549 of the Bankruptcy Code shall be preserved for the benefit of the Debtor's estate, provided, however, that the Debtor shall have sole authority for prosecuting any such claims. Because all creditors are being paid in full under the Plan, the Debtor does not anticipate preference or fraudulent claims.

28. **Stamp Tax** -- Under the Plan, pursuant to Bankruptcy Code by section 1146(c), the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer under this Plan, (including any instrument of transfer executed in furtherance of the sale contemplated by the Plan), shall not be subject to tax under any law imposing a stamp tax or similar tax.

## PAYMENT OF CLAIMS AND OBJECTIONS TO CLAIMS

29. The Debtor shall be disbursing agent under the Plan without a bond. The Debtor reserves the right to file objections to claims in the event grounds exist to object to particular claims, for a period of 60 days after the Effective Date. On the initial distribution date and on each distribution date as may thereafter be necessary, the Debtor shall maintain an undetermined claims distribution reserve for the holders of undetermined claims as of such date in a sum not less than the amount required to pay each such undetermined claim if such claim was allowed in full. To the extent that an undetermined claim becomes an Allowed Claim, the distributions reserved for such Allowed Claim, shall be released from the undetermined claims distribution reserve and paid to the holder of such Allowed Claim. After all the amounts of all undetermined claims have been fixed, the balance of the undetermined claims distribution reserve shall thereafter be paid in accordance with the Plan.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

30. Except for executory contracts and unexpired leases the Debtor rejects before the Confirmation Date, all unexpired leases and executory contracts shall be assumed under the Plan.  In the event of a rejection which results in damages a proof of claim for such damages must be filed by the damaged party with the Court within sixty (60) days after the rejection date. All Allowed Claims arising from the rejection of any Executory Contract or unexpired lease shall be treated as Unsecured Claims.  Any Claim arising from the rejection of any Executory Contract or unexpired lease not filed with the Court within the time period provided herein shall be deemed discharged and shall not be entitled to participate in any distribution under the Plan.

## UNCLASSIFIED PRIORITY TAX CLAIMS

31. Priority tax Claims under Section 507(a)(8) of the Bankruptcy Code by Debtor, if any, shall be entitled to payment in Cash on the Effective Date of Allowed Amount, plus interest at the applicable statutory rate as it accrues from the Petition Date through the date of payment.

## ADMINISTRATIVE EXPENSES

32. Allowed Administrative Expense Claims, including professional fees, shall be paid in full in Cash on the later of the Effective Date and the date such Administrative Expense Claim becomes Allowed or as soon as practicable thereafter, except to the extent that the holder of an Allowed Administrative Expense Claim agrees to a different treatment; provided, however, that Allowed Administrative Expense Claims representing obligations incurred in the ordinary course of business or under Executory Contracts assumed by the Debtor shall be paid in

full or performed by the Debtor in the ordinary course of business or pursuant to the terms and conditions of the particular transaction. The Debtor estimates that through the entry of a final decree in this case, Allowed Administrative Expenses will total approximately $315,000.

33. Any outstanding U.S. Trustee fees and any statutory interest thereon shall be paid in full in Cash on the Effective Date. Thereafter, United States Trustee fees and any statutory interest thereon shall be paid until entry of final decree or until Bankruptcy Case is converted or dismissed. The Debtors shall file quarterly post-Confirmation operating reports.

## MEANS FOR IMPLEMENTATION

34. **Source of Funds** – Plan payments will be paid by the Interest Holders, cash on hand, and to the extent necessary, additional funds from a refinancing or sale of the Property. Based on expressions of interest from potential lenders and purchasers, the Debtor believes that it will be in a position to pre-pay all secured claims as well as pay all priority and general unsecured claims on the Effective Date.

35. **Vesting** -- Except as otherwise provided in the Plan, on the Effective Date all assets and properties of the Estate shall vest in the Debtor free and clear of all Liens, Claims and encumbrances and any and all liens, claims and encumbrances that have not been expressly preserved under the Plan shall be deemed extinguished as of such date. Except as otherwise provided herein, as of the Effective Date, all property of the Debtor shall be free and clear of all Claims and Interests of Creditors, except for the obligations that are imposed under the Plan or by a Final Order of the Bankruptcy Court.

36. **Execution of Documents** -- The Proponent shall be authorized to execute, in the name of any necessary party, any notice of satisfaction, release or discharge of any Lien,

Claim or encumbrance not expressly preserved in the Plan and deliver such notices to any and all federal, state and local governmental agencies or departments for filing and recordation.

37. **Recording Documents** -- Each and every federal, state and local governmental agency or department shall be authorized to accept and record any and all documents and instruments necessary, useful or appropriate to effectuate, implement and consummate the transaction contemplated by the Plan, including, but not limited to any and all notices of satisfaction, release or discharge of any Lien, Claim or encumbrance not expressly preserved by the Plan, and the Confirmation Order.

38. **Preservation of Claims** -- All rights pursuant to sections 502, 544, 545

39. and 546 of the Bankruptcy Code, all preference claims pursuant to section 547 of the Bankruptcy Code, all fraudulent transfer claims pursuant to sections 544 and 548 of the Bankruptcy Code, and all claims relating to post-Petition Date transactions under section 549 of the Bankruptcy Code shall be preserved for the benefit of the Debtor's estate, provided, however, that the Debtor shall have sole authority for prosecuting any such claims. Because all creditors are being paid in full under the Plan, the Debtor does not anticipate preference or fraudulent claims.

40. **Stamp Tax** -- Under the Plan, pursuant to Bankruptcy Code by section 1146(c), the issuance, transfer, or exchange of any security and the making or delivery of any instrument of transfer under this Plan, (including any instrument of transfer executed in furtherance of the sale contemplated by the Plan), shall not be subject to tax under any law imposing a stamp tax or similar tax.

## PAYMENT OF CLAIMS AND OBJECTIONS TO CLAIMS

41.     The Debtor shall be disbursing agent under the Plan without a bond. The Debtor reserves the right to file objections to claims in the event grounds exist to object to particular claims, for a period of 60 days after the Effective Date. On the initial distribution date and on each distribution date as may thereafter be necessary, the Debtor shall maintain an undetermined claims distribution reserve for the holders of undetermined claims as of such date in a sum not less than the amount required to pay each such undetermined claim if such claim was allowed in full. To the extent that an undetermined claim becomes an Allowed Claim, the distributions reserved for such Allowed Claim, shall be released from the undetermined claims distribution reserve and paid to the holder of such Allowed Claim. After all the amounts of all undetermined claims have been fixed, the balance of the undetermined claims distribution reserve shall thereafter be paid in accordance with the Plan.

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

42.     Except for executory contracts and unexpired leases the Debtor rejects before the Confirmation Date, all unexpired leases and executory contracts shall be assumed under the Plan. In the event of a rejection which results in damages a proof of claim for such damages must be filed by the damaged party with the Court within sixty (60) days after the rejection date. All Allowed Claims arising from the rejection of any Executory Contract or unexpired lease shall be treated as Unsecured Claims. Any Claim arising from the rejection of any Executory Contract or unexpired lease not filed with the Court within the time period provided herein shall be deemed discharged and shall not be entitled to participate in any distribution under the Plan.

## **RETENTION OF JURISDICTION**

43.     Retention of Jurisdiction.  The Court shall have jurisdiction over all matters arising under, arising in, or relating to each Debtor's Bankruptcy Case to the fullest extent permitted including, but not limited to, with respect to section 1142 of the Bankruptcy Code and proceedings:

- To consider any modification of the Plan under Section 1127 of the Bankruptcy Code;

- To hear and determine all Claims, controversies, suits and disputes against the Debtor to the full extent permitted under 28 U.S.C. §§157 and 1334;

- To hear, determine and enforce all Claims  and causes of action which may exist on behalf of the Debtor or the Debtor's estate, including, but not limited to, any right of the Debtor or the Debtor's Estate to recover assets pursuant to the provisions of the Bankruptcy Code;

- To hear and determine all requests for compensation and/or reimbursement of expenses which may be made;

- To value assets of the Estate.

- To enforce the Confirmation Order, the final decree, and all injunctions therein;

- To enter an order concluding and terminating the Bankruptcy Case;

- To correct any defect, cure any omission, or reconcile any inconsistency in the Plan, or the Confirmation Order;

- To determine all questions and disputes regarding title to the assets of the Debtor.

- To re-examine Claims which may have been Allowed or disallowed for purposes of voting, and to determine objections which may be filed to any Claims.

## GENERAL PROVISIONS

44. **Headings**. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the meaning of the Plan.

45. **Disputed Claims**. The Debtor shall hold in escrow the distribution that would be due on account of any Disputed Claim. No Disputed Claims shall be paid until such Claim becomes an Allowed Claim.

46. **Calculation of Time Periods**. Bankruptcy Rule 9006 is incorporated herein for purposes of calculating the dates set forth herein.

47. **Other Actions**. Nothing contained herein shall prevent the Debtor, Interest Holders, or Creditors from taking such actions as may be necessary to consummate the Plan, although such actions may not specifically be provided for within the Plan.

48. **Modification of Plan**. The Debtor may seek amendments or modifications to the Plan in accordance with Section 1127 of the Bankruptcy Code at any time prior to the Confirmation Date. After the Confirmation Date, the Debtor may seek to remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and intent of the Plan

## INJUNCTION

49. **Injunction**. The Confirmation of this Plan shall constitute an injunction of the Court against the commencement or continuation of any action, the employment of process, or any act, to collect, recover or offset from the Debtor or its property or properties, any obligation or debt except pursuant to the terms of the Plan.

## **CLOSING THE BANKRUPTCY CASE**

Upon substantial consummation, the Debtor may move for a final decree to close the Bankruptcy Case and to request such other orders as may be just.

Dated: New York, New York
April 4, 2025

        Avon Place, LLC

By:    s/ David Goldwasser, CRO

BACKENROTH FRANKEL & KRINSKY, LLP
Attorneys for Debtor

By:    s/Mark A. Frankel
488 Madison Avenue
New York, New York 10022
(212) 593-1100