Steven J. Mandelsberg, Esq.
Joseph Orbach, Esq.
**THOMPSON COBURN LLP**
488 Madison Avenue
New York, New York 10022
Telephone:    (212) 478-7200
E-mail:          smandelsberg@thompsoncoburn.com
                     jorbach@thompsoncoburn.com

*Attorneys for 44 Avonwood Road Credit LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- X

In re

AVON PLACE LLC

                Debtor.
------------------------------------------------------- X

Chapter 11

Case No. 25-41368 (JMM)

### OBJECTION OF SECURED CREDITOR 44 AVONWOOD ROAD CREDIT LLC TO DEBTOR'S RULE 2004 EXAMINATION REQUEST

Secured Creditor 44 Avonwood Road Credit LLC ("Avonwood Credit") by its attorneys, Thompson Coburn LLP, respectfully submits this objection (the "Objection") to Avon Place, LLC's (the "Debtor") request for a Rule 2004 examination of Avonwood Credit [Dkt. 25] (the "Motion") and represents as follows:

### PRELIMINARY STATEMENT

1. As Avonwood Credit set forth in its Motion for Relief From the Automatic Stay [Dkt. 9] (the "Stay Relief Motion"),[1] this single asset real estate bankruptcy case was filed solely to impede Avonwood Credit from prosecuting a previously commenced foreclosure action (the "Foreclosure Action") pending in Connecticut Superior Court,

---

[1] Capitalized terms not defined herein shall have the meanings as set forth in the Stay Relief Motion.

Judicial District of Hartford (the "Foreclosure Court") (Case No. HHD-CV25-6199961-S). While it has been stayed against the Debtor, the Foreclosure Action is continuing against the Debtor's principal who executed a guarantee in connection with the issuance of the Mortgages. As is evident from the Stay Relief Motion and the Objection to Cash Collateral, Avonwood Credit submits that all disputes between the Debtor and Avonwood Credit should be resolved in the Foreclosure Action.

2.  Since the Foreclosure Action is continuing against Debtor's principal as guarantor, a Rule 2004 examination as requested by the Debtor is not appropriate. The Debtor is impermissibly seeking to resort to Rule 2004 discovery to circumvent the important safeguards imposed by the Federal and State discovery rules, especially given the Debtor's clear intent to use Rule 2004 discovery to bolster or support its position in the Foreclosure Action. The discovery sought is not targeted to accomplish the narrow goal of identifying assets of the Debtor's estate, which is the purpose of Rule 2004 examinations. Seeking an improper Rule 2004 examination at this stage of the bankruptcy proceeding is clearly intended to impede and delay the progression of the Foreclosure Action and/or harass Avonwood Credit.

3.  Even if the use of Rule 2004 were appropriate, the scope of the examination the Debtor seeks in the Motion is far overreaching. The Debtor's requests seeks production of virtually every document regarding Avonwood Credit's Mortgages, the Avon Place property, the April 4 Meeting (defined herein), and communications with tenants. Neither Rule 2004, not any other provision of law, allows for such a broad fishing expedition.

4.  The issues underlying this Motion, the Cash Collateral Motion, and the Stay Relief Motion all relate to a two-party dispute that belongs in the Foreclosure Court. The

Debtor is fully capable of litigating whether there has been a default under the Mortgages (there has), when the default occurred (August 2023), and the proper calculation of Avonwood Credit's claim (the details of which have already been furnished to the Debtor). Because spending any additional resources in this proceeding benefits no one and serves no purpose, the Motion should thus be denied.

## BACKGROUND

5. On or about August 2, 2023, the Mortgages were in default due to the Debtor's failure to timely pay real estate taxes.

6. On or about June 1, 2024, the Mortgages were further in default due to the Debtor's failure to timely make the required interest payment due.

7. On January 30, 2025, Avonwood Credit took assignment of the Mortgages from Bankwell Bank. On February 3, 2025, Avonwood Credit recorded the assignment of mortgages and other instruments in Volume 800 at Pages 688-89 of the Avon, Connecticut Land Records. A copy of the filed Assignment of Mortgages and Other Instruments as recorded in the Connecticut Land Records is attached as Exhibit 3 to the Stay Relief Motion.

8. On February 27, 2025, Avonwood Credit commenced the Foreclosure Action.

9. On March 21, 2025, the Debtor filed its bankruptcy petition.

10. On March 31, 2025, Avonwood Credit filed its Stay Relief Motion. The Stay Relief Motion was initially noticed for April 16, 2025 but, at Debtor's request, was re-noticed for April 30, 2025 to accommodate the Passover holiday and to have the Stay Relief Motion heard at the date that the Court scheduled as an initial case conference.

11. On April 4, 2025, the Debtor filed an application to use cash collateral [Dkt. 20] (the "Cash Collateral Motion") as well as a proposed Plan and Disclosure Statement. The

Debtor filed a notice of hearing for the Disclosure Statement scheduling that hearing for June 11, 2025.

12. On April 4, 2025, the Debtor sent a letter to Avonwood Credit accusing Avonwood Credit, without any substantiation, of organizing and sponsoring a meeting with the Debtor's tenants later that day (the "April 4 Meeting"). Within hours of receipt of the Debtor's letter, Avonwood Credit responded in writing to advise that Avonwood Credit had not scheduled the April 4 Meeting and to state that "in a good faith effort and to avoid any appearance of interfering with the Debtor's ability to prosecute the bankruptcy case", Avonwood Credit would not be attending the April 4 Meeting. Despite being invited by the Tenant Union, Avonwood Credit's principal did not attend the April 4 Meeting.

13. On April 7, 2025, Avonwood Credit's counsel sent the Debtor's counsel a letter detailing its proposal for a consensual resolution of this case (the "Resolution Proposal").

14. On April 11, 2025, the Debtor filed the Motion.

15. On April 15, 2025, the Debtor responded to Avonwood Credit's Resolution Proposal. On April 16, 2025, Avonwood Credit responded to the Debtor's Resolution Counterproposal.

**ARGUMENT**

**A.    The Requested Rule 2004 Examination of Avonwood Credit Is Inappropriate Because The Foreclosure Action Is Still Pending**

16. Rule 2004 allows the Court to order discovery following a motion, but limits the scope of that examination to matters relating to the financial matters of the debtor or the estate and to matters affecting the administration of the estate or right to discharge. Fed. R. Bankr. P. 2004(b). Although Rule 2004 is generally deemed "unfettered and broad" in scope, and regularly likened to a "quick 'fishing expedition' into general matters and issues regarding

the administration of the bankruptcy case," *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (citations omitted), its use has defined limits. *In re Coffee Cupboard, Inc.*, 128 B.R. 509, 516 (Bankr. E.D.N.Y. 1991); *see, e.g., In re Duratech Indus., Inc.*, 241 B.R. 291, 296 (Bankr. E.D.N.Y. 1999); *see Martin v. Schaap Moving Sys., Inc.*, 1998 WL 405966, at *3 (2d Cir. Apr. 20, 1998) ("[C]ourts may 'limit, condition or even forbid the use of Rule 2004' where it is used to 'abuse or harass[ ] . . . .' ") (citations omitted).

17.     Despite Rule 2004's broad reach, settled case law dictates that once litigation has commenced, discovery must be conducted pursuant to Fed. R. Civ. P. 26, made applicable to this court by Bankruptcy Rule 7026, rather than under Bankruptcy Rule 2004. *See In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002) (the "well recognized rule [is] that once an adversary proceeding or contested matter is commenced, discovery should be pursued under the Federal Rules of Civil Procedure and not by Rule 2004."); *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996). "Courts have exhibited similar concerns and reached similar results when confronted with the propriety of Rule 2004 examinations where the party requesting the Rule 2004 examination could benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee." *Enron* 281 B.R. at 842 (*citing Snyder v. Soc'y Bank*, 181 B.R. at 42) (Rule 2004 examination denied when movant's primary motivation was to use those materials in a state court action against the examinee).

18.     Here, the discovery sought is in no way targeted to accomplish the narrow goal of Rule 2004 of identifying assets or liabilities of the estate. Rather, for at least three reasons, it is clearly designed to circumvent established discovery rules to obtain an advantage in the Foreclosure Action.

19.     *First*, the service email of the Motion (which included the Court) included two lawyers from Cole Schotz, which has not appeared in this case[2] and which is one of the firms currently representing the Debtor's principal in the Foreclosure Action.

20.     *Secondly*, although the Motion seeks discovery from Bankwell Bank and the Tenant Union, the form of order included with the Motion only references discovery against Avonwood Credit.  *See Proposed Order* at 2.

21.     *Third*, Rule 2004 may not be used to obtain information for use in the pending Foreclosure Action; instead, the Debtor should engage in discovery under the rules of procedure applicable to that proceeding.  *See In re Coffee Cupboard, Inc.*, 128 B.R. at 516 ("Rule 2004 examinations should not be used to obtain information for use in an unrelated case or proceeding pending before another tribunal.").  Rule 2004 discovery is not appropriate where it would "unavoidably and unintentionally create a back door" to discovery in another proceeding.  *In re Bennett Funding Group, Inc.*, 203 B.R. at 30.

**B.      The Requested Rule 2004 Discovery is Impermissibly Broad**

22.     Even were the use of Rule 2004 appropriate, despite the pending Foreclosure Action, the scope the Debtor seeks is unjustifiably broad.  The Debtor's requests seeks production of virtually every document and communication with the Debtor's tenants (to the extent such information exists), the Avon Place property, the Mortgages, and the bankruptcy proceeding, including attorney-client communications.  Neither Rule 2004, nor any other provision of law, allows for such a broad fishing expedition and the Debtor has overstepped the limits of Rule 2004 by seeking such broad discovery.

---

[2] The only other individuals included on the service email were the Debtor's proposed CRO, the undersigned and the United States Trustee.  The Debtor apparently did not serve the Motion on either Bankwell Bank or the Tenant Union.

23. Courts have universally held that "there are important limits to the scope of an examination taken pursuant to Rule 2004." *In re Coffee Cupboard, Inc.*, 128 B.R. at 514 (*citing In re Cinderella Clothing Indus., Inc.*, 93 B.R. 373 (Bankr. E.D. Pa. 1988)). "However vigorous and broad discovery may be under a Rule 2004 examination, there are well-established limits," and "[t]he case law is replete with holdings that resort to Rule 2004 cannot include discovery conducted in bad faith or for improper purposes." *In re Duratech Indus., Inc.*, 241 B.R. at 296; *Enron*, 281 B.R. at 840 (Rule 2004 relief should be denied, "where the purpose of the examination is to abuse or harass").

24. To determine whether or not discovery should be granted under Rule 2004, courts employ a balancing test, examining "the competing interests of the parties, [by] weighing the relevance of and necessity of the information sought by examination." *In re Drexel Burnham Lambert Group, Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991). *See also Coffee Cupboard, Inc.*, 128 B.R. at 514.

25. Here, the Debtor is seeking all documents related to: (a) communications between Avonwood Credit and the tenants; (b) the April 4 Meeting; (c) the Mortgages; (d) communications with Bankwell; (e) the Avon Place property; (f) Avonwood Credit's business model; (g) the bankruptcy proceeding; and (h) organization of Avonwood Credit. *See* Exhibit A to Motion. Such a request is overly broad and unduly burdensome as it requests potentially thousands of documents, when the focus should be when and if the Mortgages defaulted and the appropriate amount currently due under the Mortgages.

26. Any discovery regarding the April 4 Meeting is a side-show and distraction, especially since Avonwood Credit already informed the Debtor by letter that it was not involved with the planning of, and did not attend, the April 4 Meeting. The Debtor's

continued focus on the April 4 Meeting is solely an attempt to create a distraction from the real issues before this Court, and delay the progression of this case, the Foreclosure Action and harass Avonwood Credit's principal.

27. Although Debtor implies (Motion at ¶21) that Avonwood Credit somehow instigated complaints, the Tenant Union was actually formed without the involvement of Avonwood Credit and existed long before it succeeded to Bankwell Bank's rights under the Mortgages. *See* Letter of Amy Arlin [Dkt. 28]. In fact, the Tenant Union arose in response to numerous issues the tenants have had with the Debtor. *Id.* (listing specific complaints including the lack of hot water for extended periods of time). Tenant unions are, in any event, expressly recognized under Connecticut law and union members are afforded specific statutory protections. Connecticut General Statutes §§ 47a-20 and 47a-33.

28. Avonwood Credit has a strong interest in forging good relations with the tenants and the preservation of the Property, as both the monthly rent payments and the Property constitute Avonwood Credit's collateral. It is only natural for the parties to develop a good working relationship in a situation such as this where there are numerous tenant complaints, defaults on the Mortgages, and a bankruptcy filing. The automatic stay does not bar Avonwood Credit from being invited to, and even attending a Tenant Union meeting, which for the avoidance of doubt, at the request of the Debtor it declined to attend. Indeed, activity that is far more adverse to a debtor has been permitted. *See In re Windstream Holdings, Inc.*, 105 F.4th 488, 497-98 (2d Cir. 2024) (Holding that "[t]he Bankruptcy Code does not prevent a third-party competitor from informing the public about a debtor's insolvency or even criticizing the debtor for its inability to sustain its business.").

29. When the scope of Debtor's requested discovery is evaluated alongside the burden upon Avonwood Credit to comply with such requests within two weeks, we submit that the balance tips heavily against permitting the requested discovery. Nor has the Debtor offered any reason for its massive document demands, or substantiated its claims that Avonwood Credit has violated the automatic stay, or that Avonwood Credit had any part in organizing the April 4 Meeting. The Motion is thus seeking to unduly burden Avonwood Credit, when Avonwood Credit, unlike the Debtor, has been operating under good faith. In fact, Avonwood Credit would be willing to voluntarily provide any Mortgage-related documents – many already attached as Stay Relief Motion exhibits – in order to corroborate its secured claim.

30. Lastly, putting aside the wide breadth of the requests, the Debtor also improperly seeks the production of confidential and proprietary information, including attorney-client communications (Motion at Ex. A, ¶¶ 21(d), 27(c)), the productions of which Rule 2004 forbids. *See In re Bakalis*, 199 B.R. 443, 448 (Bankr. E.D.N.Y. 1996) ("[Rule 2004 examinations] are subject to the doctrine of privileges, if applicable, including the attorney client privilege . . . .").

31. For all these reasons, the Motion should be denied.

## **CONCLUSION**

**WHEREFORE**, for the foregoing reasons, Avonwood Credit respectfully requests that this Court (i) deny the Rule 2004 Motion, and (ii) grant such other relief as may be proper.

Dated: New York, New York
April 23, 2025

**THOMPSON COBURN LLP**

By: */s/ Joseph Orbach*
Steven J. Mandelsberg
Joseph Orbach
488 Madison Avenue
New York, NY  10022
Telephone: 212-478-7200
Fax: 212-478-7400
smandelsberg@thompsoncoburn.com
jorbach@thompsoncoburn.com

*Attorneys for 44 Avonwood Road Credit LLC*