Hearing Date: April 30, 2025 at 10:00 a.m.

Steven J. Mandelsberg, Esq.
Joseph Orbach, Esq.
**THOMPSON COBURN LLP**
488 Madison Avenue
New York, New York 10022
Telephone:   (212) 478-7200
E-mail:       smandelsberg@thompsoncoburn.com
              jorbach@thompsoncoburn.com

*Attorneys for 44 Avonwood Road Credit LLC*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- X

| | |
|---|---|
| In re | Chapter 11 |
| AVON PLACE LLC | Case No. 25-41368 (JMM) |
| Debtor. | |

------------------------------------------------------- X

**REPLY IN FURTHER SUPPORT OF MOTION OF SECURED CREDITOR 44 AVONWOOD ROAD CREDIT LLC FOR AN ORDER GRANTING RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. §§ 362(d)(1) and (2)**

Secured Creditor 44 Avonwood Road Credit LLC ("Avonwood Credit"), by its attorneys Thompson Coburn LLP, respectfully submits this reply (the "Reply") in further support of its motion (the "Motion")[1] seeking relief from the automatic stay (Dkt. 9).

**A. Key Points Admitted or Undisputed by Debtor**

1.      A review of the Motion and the Debtor's response (Dkt. 27) confirms that several critically important issues remain admitted or undisputed. These admissions or failures to dispute key facts justify issuance of the requested relief. Specifically:

---

[1] Capitalized terms not defined herein shall have the meanings as set forth in the Motion.

a. The Debtor has acknowledged it owes Avonwood Credit $28.1 million.[2] *See* Objection at ¶22.

b. The Debtor has acknowledged it allowed a real estate tax lien of nearly $600,000 to encumber the Property. *Id.*

c. The Debtor has acknowledged that there is a junior mortgage of $3,000,000 which encumbers the Property. *Id.*

d. The Debtor has acknowledged that total secured debt on the Property is at least $31,685,188. *Id.*

e. Other than insurance proceeds of approximately $400,000, the Debtor acknowledges that it has not made any payments on account of the Mortgages since June 2024. *Id.* ¶¶ at 8-9.

f. The Debtor has introduced no evidence as to the value of the Property. All it has presented to the Court is its "estimate" that is "supported by the recent purchase prices of the units and the Debtor's knowledge of the current market." *Id.* at ¶¶22-23.

2. The only "evidence" presented regarding the recent purchase prices of units is the Debtor's statement that it acquired 18 units from individual sellers after the October 2022 closing on 162 units for an aggregate purchase price of $2,709,500. *Id.* at 7. Even if this Court were to credit that statement, it would show that the undated "recent" purchases averaged a unit price of $150,528. Taking that unit price and multiplying it by the 180 units owned by the Debtor results in a valuation of $27.095 million. Of course, this calculation unrealistically

---

[2] Avonwood Credit disputes that this is the correct claim amount, but believes resolution of its allowed secured claim is not necessary to resolve this Motion, as the admitted amount of the secured claim significantly exceeds the value of the Property.

assumes that the fire on the Property had zero impact to the value of the Property even though the fire has made one-third of the Property units unlivable until further remediation.

### B. Secured Creditor Has Presented Only Credible Evidence of Property's Value While Debtor Raises Uncorroborated Accusations

3. The only actual evidence as to value before this Court is the CBRE Appraisal which Avonwood Credit requested in connection with this proceeding. A copy of the CBRE Appraisal is attached hereto as Exhibit A and was previously filed with the Court in connection with Avonwood Credit's objection to the Debtor's cash collateral motion. The CBRE Appraisal values the Property at $26.2 million. Setting aside the fact that the Debtor bears the burden of proving adequate protection and has failed to submit any evidence, Avonwood Credit has submitted credible unchallenged evidence as to the value of the Property. The Debtor's belief in an equity cushion is plainly insufficient to provide adequate protection on this undisputed record.

4. The Debtor also continues the charade that it is or will be paying non-default interest during the pendency of the case. As detailed in Avonwood Credit's objection to the Debtor's cash collateral motion, the Budget attached to the Motion does not have a line item for debt service. Perhaps even more telling, the Debtor does not generate sufficient cash flow from the Property, based on the Budget, to pay Avonwood Credit the $148,915[3] in monthly contract rate payments due under the Notes. The Budget projects only $85,741 in monthly operating income. *See* Dkt. 17. To be clear, since the Petition Date Avonwood Credit has not received any payments on account of the Mortgages from the Debtor or from insurance.

---

[3] This amount is calculated using the $28.1 million acknowledged debt owed and the 4.95% interest rate using the provided for contract amortization on the primary note and interest only on the letter of credit note. Interest only payments on the acknowledged debt at the contract rate would total $117,526 monthly.

5. Without any facts or law on its side, the Debtor resorts to impugning the integrity of Avonwood Credit's principal, and suggesting that permitted conduct of concerned tenants may be a stay violation.[4] However, neither the facts of this case, nor the case law cited by the Debtor, leads to the conclusion that there has been a stay violation (which, of course, is not the issue before the Court on the Motion). Avonwood Credit believes it is sufficient for this Reply simply to note that the primary case cited by the Debtor, *In re 48th Street Steakhouse, Inc.,* 855 F.2d 427 (2d Cir. 1987), dealt with a situation where the landlord sent a termination notice of a lease to a tenant which thereby impacted the debtor subtenant. In the present case, there has been no allegation that Avonwood Credit has interfered with any Property of the Debtor through any action it has taken. In fact, Avonwood Credit immediately filed the instant Motion seeking stay relief to obtain permission of the Court to proceed in the Foreclosure Action.

6. Lastly, the three cases cited by the Debtor for the proposition that debtors are entitled to protection from "lender misconduct" all concluded that there was no lender misconduct and the lenders at issue were entitled to their contract bargained for default rate of interest.[5] Avonwood Credit reserves all rights and arguments with respect to the (i) usage of cash collateral, and (ii) calculation of its claim including the amount of default interest, fees and expenses owed, in the event the Motion is denied.

---

[4] All of the conduct the Debtor complains about were initiated by tenants of the Property. The Debtor has not pointed to, nor could it point to, any conduct of Avonwood Credit that even comes close to a stay violation.
[5] In fact, *In re Stanhope LLC* had the very same counsel and CRO as the Debtor attempt to make similar arguments as are being made in the instant case, to which Judge Drain noted, "acquiring a loan with the intention of enforcing a default thereunder" does not constitute "lender misconduct". 625 B.R. 573, 582 (Bankr. SDNY 2021).

## **CONCLUSION**

**WHEREFORE**, for the foregoing reasons, Avonwood Credit respectfully requests that this Court grant its Motion for relief from the automatic stay pursuant to 11 U.S.C. §§ 361(d)(1) and (2) (i) to permit Avonwood Credit to continue and conclude the Foreclosure Action and to exercise its rights as a secured lender with respect to the Property, and (ii) grant such other relief as may be proper.

Dated: New York, New York
April 25, 2025

                **THOMPSON COBURN LLP**

                By: */s/ Joseph Orbach*
                    Steven J. Mandelsberg
                    Joseph Orbach
                    488 Madison Avenue
                    New York, NY 10022
                    Telephone: 212-478-7200
                    Fax: 212-478-7400
                    smandelsberg@thompsoncoburn.com
                    jorbach@thompsoncoburn.com

                    *Attorneys for 44 Avonwood Road Credit LLC*