UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                    Chapter 11

    Avon Place, LLC,                                          Case No.  25-41368 (JMM)

                        Debtor.
----------------------------------------------------------x

**REPLY OF THE DEBTOR TO OBJECTION OF 44 AVONWOOD ROAD CREDIT LLC TO MOTION TO USE CASH COLLATERAL**

          Avon Place LLC (the "Debtor"), by its attorneys Backenroth Frankel & Krinsky LLP, respectfully submits this reply to the objection (the "Objection") filed by 44 Avonwood Road Credit LLC ("Avonwood") [ECF No. 30] to the Debtor's Motion to Use Cash Collateral [ECF No. 20], and states:

## PRELIMINARY STATEMENT

          The Debtor filed its Chapter 11 case in good faith to stabilize operations and protect its substantial equity in its real estate under a Chapter 11 plan. The Debtor received no notice of default under the loan documents. Although the Debtor disagrees with Avonwood's appraisal, it shows that it is undersecured. As such, no post-petition interest under is required under § 506(b), much less default interest. The Debtor, however, proposes to pay post-petition interest at the non-default rate, and to otherwise use cash collateral to fund necessary operating to ensure that Avonwood is adequately protected.

## ARGUMENT

**(a)  The Property Value Far Exceeds the Lender's Allowed Secured Claim**

1.  The lender's appraisal (attached to its objection) values the property at $26.1 million. However the Debtor's acquisition cost exceeded $36,000,000 and there are expressions of interest to purchase the property in excess of that amount. The CBRE report was conducted on behalf of a party seeking stay relief, and some of the valuation assumptions raise questions about objectivity.

2.  Either way, using the lender's numbers, the secured claim must be limited to the value of its collateral under § 506(a), and the use of rents to maintain and operate that collateral is per se adequate protection under long-standing case law cited in the Motion.

**(b)  Avonwood Is Not Entitled to Post-Petition Interest**

3.  Under § 506(b) of the Bankruptcy Code, a secured creditor may recover post-petition interest and fees only to the extent it is oversecured. Avonwood's appraisal values the property at $26.1 million, which is less that Avonwood's asserted secured claim of more than $28 million, before disputed penalties and default interest. Accordingly, under the Avaonwood analysis, no post-petition interest must be paid, let alone default interest. But again, the value is actually higher, the Debtor can afford to pay interest, and thus the Debtor proposes to pay interest.

**(c)  The Debtor Offers Adequate Protection by Preserving the Collateral**

4.  As stated in the Motion, the Debtor seeks to use cash collateral exclusively for ordinary, budgeted operating expenses, including maintenance, insurance, utilities, and taxes.

Based on the case law cited in the Motion, courts have long held that use of rental income to preserve and operate property constitutes adequate protection. *See In re Pine Lake Village Apartment Co.*, 16 B.R. 750 (Bankr. S.D.N.Y. 1982). Avonwood will receive replacement liens and post-petition reporting, and no funds will be diverted to insiders without Court approval.

**(d)  The Default Is Disputed and Manufactured**

5.  Avonwood claims a default occurred based on its own unilateral application of an insurance payment to principal, rather than allowing that payment to serve as debt service, after the Debtor repaired fire damage out-of-pocket. That accounting maneuver cannot create a bona fide payment default. Moreover, Avonwood failed to issue a default notice or acceleration demand under the loan documents. This manufactured default, coupled with the aggressive foreclosure action initiated weeks after it claims to have acquired the loan, supports the Debtor's good faith basis for seeking Chapter 11 protection.

6.  At a minimum, the existence of a bona fide dispute over the default and application of insurance supports maintaining the status quo during plan negotiations and preserving the Property for all stakeholders.

**(e)  The Debtor's Budget Is Reasonable and Transparent**

7.  Contrary to Avonwood's assertions, the Debtor has not requested a blank check. The proposed budget covers essential operating expenses necessary to preserve value. The Debtor remains open to budget oversight and has committed to regular reporting and to refrain from insider payments absent court approval. Avonwood's objection is premature and speculative.

8. The Debtor proposes to use rents solely for ordinary, budgeted expenses that preserve the Property, such as utilities, taxes, repairs, and tenant services. The Debtor has agreed to regular reporting, court oversight, and a cap on insider payments. Avonwood is not entitled to dictate management structure or micromanage operations absent a demonstrated risk to collateral—which it has not shown.

**(f)    The Court Should Not Grant Stay Relief Based on Manufactured Default**

9. The lender is pursuing a foreclosure strategy that includes: (a) Applying insurance improperly; (b) Accelerating the loan without notice; (c) Rejecting reasonable payment offers in favor of litigation; and (d) Relying on a questionable appraisal to push for stay relief.

10. In the face of a filed 100% payment plan, this is not legitimate loan enforcement. The Bankruptcy Code protects a debtor from precisely this kind of coercion. The Debtor seeks only time to confirm a plan that reinstates the loan and preserves value for all creditors.

**(g)    V. Requested Modifications, if Needed**

11. In summary, the Debtor proposes to: (a) pay adequate protection payment at the non-default contract rate, (b) Limit variance from the budget to a fixed percentage (e.g., 10%) or subject to U.S. Trustee or Court review; (c) Clarify that no payments to insiders will be except with Court approval; and (d) Hold insurance proceeds in escrow pending resolution by agreement or order.

## CONCLUSION

For the foregoing reasons, the Court should overrule the objection and grant the Debtor's Motion to Use Cash Collateral.

Dated: April 28, 2025
      New York, New York

                                **BACKENROTH FRANKEL & KRINSKY LLP**
                                Attorneys for the Debtor

                                /s/ Mark A. Frankel
                                488 Madison Avenue
                                New York, New York 10022
                                (212) 593-1100