UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                              Chapter 11

    Avon Place, LLC                                       Case no.  25-41368 (JMM)

                            Debtor.
---------------------------------------------------------x

**REPLY OF THE DEBTOR TO OBJECTION OF 44 AVONWOOD ROAD CREDIT LLC TO MOTION FOR RULE 2004 EXAMINATION**

        Avon Place LLC (the "Debtor"), by its attorneys Backenroth Frankel & Krinsky LLP, as and for its reply to the objection (the "Objection") filed by 44 Avonwood Road Credit LLC ("Mortgagee") [ECF No. 29] to the Debtor's Motion for Rule 2004 Examination [ECF No. 25], and states:

## PRELIMINARY STATEMENT

        The Debtor's request for limited and targeted Rule 2004 discovery is a legitimate inquiry into the Mortgagee's acquisition of the loan and its post-acquisition conduct that may impact estate administration, and the nature and amount of its asserted claims. Such scrutiny is central to the Debtor's ability to evaluate claims, plan feasibility, and any potential lender liability claims. The Mortgagee's assertion that Rule 2004 discovery is a pretext for discovery in the state court foreclosure action is misplaced: the Debtor has no pending action against the Mortgagee outside of this proceeding, and all requested discovery is tethered to the issues that will govern this case.

## ARGUMENT

**(a)    The Requested Rule 2004 Discovery Falls Squarely Within Permissible Scope**

1. Rule 2004 authorizes discovery into any matter that may relate to the debtor's assets, liabilities, financial condition, or the administration of the estate. The Debtor's request seeks to explore: (a) The terms and circumstances of the Mortgagee's acquisition of the loan; (b) The accounting and application of payments, including disputed insurance proceeds; (c) The basis for asserted defaults and claimed amounts; and (d) Potential communications with tenants or third parties that may affect property value or plan feasibility.

2. This information is essential to evaluating the validity and amount of Avonwood's claim, whether adequate protection is required, and whether the plan must treat that claim as secured, unsecured, or subject to offset or counterclaim.

**(b)    The Pending State Court Action Is Not a Bar to Rule 2004 Discovery**

3. Courts have routinely held that Rule 2004 discovery may proceed notwithstanding related litigation in another forum, so long as it relates to administration of the estate. The Mortgagee relies heavily on *In re Enron Corp.,* 281 B.R. 836 (Bankr. S.D.N.Y. 2002) and *In re Coffee Cupboard, Inc.*, but those cases involved efforts to conduct Rule 2004 discovery over collateral issues and to circumvent discovery rules. That is not the case here. The Debtor foreclosure action is stayed, and Avonwood's conduct is a central component of this bankruptcy case – not a collateral issue.

**(c)     The Scope of the Requests Is Appropriate and Narrowly Tailored**

4.      Contrary to the Objection, the discovery requests are not a fishing expedition. They are focused on key issues in this case: the loan balance, the enforcement conduct, and any interactions with tenants that may affect operations. These are neither speculative nor unduly burdensome. Moreover, the Debtor has no interest in protected communications, and any production is subject to standard privilege objections and confidentiality protections.

**(d)     Communications With Tenants Are Directly Relevant**

5.      The Debtor's request includes documents concerning communications with tenants because of the timing and circumstances surrounding the April 4 meeting. If the Mortgagee or its agents had any role in organizing or promoting a tenant meeting while simultaneously seeking to take the Property, such conduct may implicate the automatic stay or raise questions of improper creditor interference. The Debtor is entitled to inquire.

## CONCLUSION

For the foregoing reasons, the Debtor respectfully requests that the Court overrule the Objection and grant the Motion for Rule 2004 Examination.

Dated:  New York, New York
        April 28, 2025

BACKENROTH FRANKEL & KRINSKY, LLP

By:   s/ Mark Frankel
      488 Madison Avenue
      New York, New York 10022
      (212) 593-1100