# EXHIBIT 2

# Rule 9077-1 Affirmation

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X

In re

AVON PLACE LLC

                             Debtor.

-------------------------------------------------------- X

Chapter 11

Case No. 25-41368 (JMM)

## AFFIRMATION PURSUANT TO E.D.N.Y. LBR 9077-1

       Joseph Orbach, an attorney duly admitted to practice before the Courts of the State of New York and before this Honorable Court, affirms the following to be true under the penalties of perjury, and states as follows:

       1.      I am a partner at Thompson Coburn LLP, counsel to secured creditor 44 Avonwood Road Credit LLC ("Avonwood Credit"). I offer this affirmation pursuant to E.D.N.Y. LBR 9077-1 and Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in support of the Avonwood Credit's motion seeking the entry of an order directing a hearing on shortened notice (the "Motion").

       2.      On March 21, 2025, Avon Place LLC (the "Debtor") filed its voluntary petition for relief before this Court.

       3.      On April 2, 2025, Avonwood Credit filed its motion for relief from the automatic stay (the "Stay Relief Motion") [Docket No. 12].

       4.      On April 4, 2025, the Debtor filed its motion for use of cash collateral (the "Cash Collateral Motion") [Docket No. 20].

       5.      On April 23, 2025, Avonwood Credit filed its objection to the Cash Collateral Motion (the "Cash Collateral Objection") [Docket No. 30].

6.    On April 30 and May 1, 2025 the Court held a hearing on the Stay Relief Motion and Cash Collateral Motion.

7.    On May 2, 2025, the Court entered a negotiated form of order approving the use of cash collateral and granting Avonwood Credit adequate protection (the "Cash Collateral Order") [Docket No. 49].

8.    The Cash Collateral Order provided, *inter alia,* "upon an Event of Default and email notice to Debtor's counsel of the occurrence of such Event of Default and the failure of the Debtor to cure such Event of Default within three (3) business days, the Mortgagee may request an emergency hearing before the Court to be scheduled at the earliest date the Court can accommodate the parties for the purpose of confirming the Event of Default and immediately renewing its objection to use of cash collateral and its pending motion for relief from the automatic stay based on its alleged lack of adequate protection as well as the occurrence of the Event of Default." Cash Collateral Order at pp. 4-5.

9.    On May 21, 2025, Avonwood Credit formally notified the Debtor of Events of Default under the Cash Collateral Order.

10.    On May 27, 2025, Avonwood Credit filed a letter [Docket No. 54] requesting an emergency hearing based on the Events of Default.

11.    On May 29, 2025, the clerk of the Court informed the undersigned that an Emergency Motion was required to seek relief regarding the Debtor's defaults under the Cash Collateral Order.

12.    On May 30, 2025, Avonwood Credit filed its Emergency Motion seeking conversion of the case based (on among other things) the defaults under the Cash Collateral Order.

13.    Given that the Cash Collateral Order provides for an emergency hearing upon an Event of Default (as defined therein) and the Court has already scheduled hearings for this matter for June 11, 2025, Avonwood Credit submits that the Court should grant an expedited hearing and approve the relief requested in the a Motion.

Dated: May 30, 2025

Nassau County, New York

*/s/ Joseph Orbach*