Mark Frankel  
Backenroth Frankel & Krinsky, LLP  
488 Madison Avenue, Floor 23  
New York, New York 10022  
(212) 593-1100

Presentment Date and Time:  
August 15, 2025 12:00 p.m.

UNITED STATES BANKRUPTCY COURT  
EASTERN DISTRICT OF NEW YORK  
-----------------------------------------------------------x  
In re                                                                    Chapter 11

    Avon Place, LLC,                                        Case No. 25-41368 (JMM)

               Debtor.  
-----------------------------------------------------------x

## **NOTICE OF PRESENTMENT**

     PLEASE TAKE NOTICE, under Section 327(e) of the Bankruptcy Code, Local Rule 9074-1, and the attached application for retention of Schwartz Sladkus Reich Greenberg Atlas LLP as special litigation counsel for the above-captioned debtor, the undersigned will present the attached proposed order to the Honorable Jill Maizer-Marino, United States Bankruptcy Judge, for signature on August 15, 2025 at 12:00 p.m.

     PLEASE TAKE FURTHER NOTICE that unless a written objection to the proposed order, with proof of service, is filed with the Clerk of the Court and two courtesy copies are delivered to the Bankruptcy Judge's chambers at least three days before the date of presentment, there will not be a hearing and the order may be signed.

     PLEASE TAKE FURTHER NOTICE that if a written objection is timely filed, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

     PLEASE TAKE FURTHER NOTICE that the ECF docket number to which the filing relates shall be included in the upper right-hand corner of the caption of all objections.

Dated: New York, New York  
        July 22, 2025

                              BACKENROTH FRANKEL & KRINSKY, LLP  
                              Attorneys for the Debtor

                              By: s/Mark A. Frankel  
                                  488 Madison Avenue  
                                  New York, New York 10022  
                                  (212) 593-1100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                    Chapter 11

    Avon Place, LLC                                          Case no.  25-41368 (JMM)

                             Debtor.
---------------------------------------------------------x

## APPLICATION TO RETAIN SPECIAL COUNSEL

        Avon Place, LLC, the debtor and debtor-in-possession herein (the "Debtor"), as and for its application to retain Schwartz Sladkus Reich Greenberg Atlas LLP ("SSRGA") as special litigation counsel to the Debtor as of the filing of the above-captioned case pursuant to section 327(e) of the Bankruptcy Code, respectfully represents as follows:

## APPLICATION

        1.        On March 21, 2025 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code.  The Debtor has continued in possession of its property as a debtor-in-possession.

        2.        The Debtor owns the real property known as Avon Place Condominiums located at 44-46-47-48 Avonwood Road, Avon, CT 06001

        3.        By this Application, the Debtor seeks to retain requires the services of SSRGA, which maintains an office for the practice of law at 444 Madison Avenue, New York New York 10022, as special litigation counsel.

4. The Debtor has selected SSRGA because the members of SSRGA have considerable expertise in litigation and have represented debtors on similar matters in other cases together with Debtor's CRO and bankruptcy counsel.

5. SSRGA is being retained to perform litigation law only, and not to perform bankruptcy legal services.

6. The Debtor has obtained approval from the Court to retain general bankruptcy counsel. SSRGA will take all steps necessary to avoid any unnecessary duplication of services with general bankruptcy counsel and any other professional retained by the Debtor.

7. SSRGA was paid a $15,000 third party retainer, with $15,000 left to be paid, by Aron Rudich, the Debtor's sole member, for post-petition services. Mr. Rudich paid SSRGA's initial $30,000 retainer because the Debtor could not do so. The Debtor understands that Aron Rudich agrees not to assert a claim in this case for the recovery of the initial retainer. The Debtor consents to SSRGA's retention by the Debtor.

8. The Debtor understands that SSRGA's duty of undivided loyalty is owed exclusively to Debtor. To the best of my knowledge, there are no other facts which otherwise create nondisinterestedness, actual conflict, or impermissible potential for conflict of interest

9. Except for the payment of the retainer by Ahron Rudich, to the best of the Debtor's knowledge, SSRGA and its respective attorneys have no connection with, and no interests adverse to, the Debtor, its creditors, other parties in interest, or their respective attorneys or accountants. The Debtor is satisfied that SSRGA neither represents nor holds any adverse interest to the Debtor with would preclude SSRGA from acting as special litigation counsel to the Debtor in

matters upon which SSRGA is to be engaged, and that its employment is necessary and would be in the best interests of the Debtor, its creditors and its estate at large.

10. The Debtor believes that the retention of SSRGA is in the best interest of the Debtor's estate.

11. SSRGA will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and Orders of the Court.

12. No receiver, trustee or examiner has been appointed nor have any official committees been appointed.

13. No prior application has been made for the relief requested herein.

WHEREFORE, the Debtor respectfully requests that this Court enter the prefixed order and grant such other and further relief as it deems just and proper.

Dated: New York, New York
July 21, 2025

By:    s/David Goldwasser, CRO

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                                    Chapter 11

    Avon Place, LLC,                                                      Case No.  25-41368 (JMM)

                           Debtor.
---------------------------------------------------------x

## **DECLARATION**

Andrea J. Caruso, as and for her declaration pursuant to 28 U.S.C. 1746, says:

1.      I am a partner of the firm of Schwartz Sladkus Reich Greenberg Atlas LLP ("SSRGA"), which maintains an office for the practice of law at 444 Madison Avenue, New York New York 10022.  I am fully familiar with the facts stated herein, and make this affidavit to support the application of the above captioned debtor ("Debtor") to retain SSRGA as special litigation counsel to the Debtor.

2.      I am duly admitted to practice before this Court and will assume primary responsibility for this matter.

3.      My hourly rate is $600.  SSRGA's hourly rates for other professionals who may work on this representation range from $475 to $625 and paralegals range from $200 to $325.  If SSRGA determines to raise its hourly rates, then SSRGA will notify the Court and the United States Trustee of such raise in writing.  SSRGA also shall seek reimbursement for out-of-pocket expenses such as travel expenses in the amount incurred, filing fees in the amount incurred, and computerized legal research in the amount incurred.

4. To the best of my knowledge after inquiry, SSRGA does not have any direct or indirect relationship to, connection with or interest in the Debtor or other parties-in-interest, or represent an interest adverse to the Debtor or to the estate with respect the matters for which SSRGA is to be engaged.

5. To the best of my knowledge, neither I nor SSRGA or any employees of SSRGA, have any connection with William Harrington, the U.S. Trustee for Region 2, nor any employees of the Office of the U.S. Trustee, Region 2.

6. SSRGA has reviewed a list provided by bankruptcy counsel setting forth Debtor's creditors as of the date this Declaration was signed. Based on the conflict search conducted to date, to the best of my knowledge, neither I nor any partner, of counsel, or associate of SSRGA represent, and generally has not represented, any of these entities in connection with the Debtor or this Chapter 11 case.

7. SSRGA was paid a $15,000.00 third party retainer, with $15,000 left to be paid, for post-petition services by Ahron Rudich. I understand that SSRGA's duty of undivided loyalty is owed exclusively to Debtor and have explained that to the Debtor and to Mr. Rudich. Acceptance of such third-party retainer will not in any way influence my firm's independent professional judgment and ability to maintain client confidentiality.

8. SSRGA has no unpaid pre-petition invoices.

9. SSRGA intends to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, Rules and Orders of this Court.

10. No agreement or understanding exists between SSRGA and any person for a division of compensation or reimbursement received or to share compensation received or in connection with the within case.

Dated: New York, New York
　　　July 18, 2025

　　　　　　　　　　　　　　　　　　　　　　　　s/ Andrea J. Caruso

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                               Chapter 11

    Avon Place, LLC,                         Case No. 25-41368 (JMM)

                  Debtor.
---------------------------------------------------------x

## DECLARATION

Ahron Rudich declares under penalty of perjury, as follows:

      1.    I am submitting this affidavit in support of the application of Avon Place, LLC ("Debtor") to retain Schwartz Sladkus Reich Greenberg Atlas LLP ("SSRGA") as special counsel to the Debtor under section 327(e) of the Bankruptcy Code.

      2.    To the best of my knowledge, SSRGA and its respective employees and have no connection with, and no interests adverse to, the Debtor, its creditors, other parties in interest, or their respective professionals.

      3.    I paid SSRGA $15,000 and intend to have agreed to pay an additional $15,000, for a total $30,000 retainer because the Debtor could not do so. I agree not to assert a claim in this case for the recovery of the initial retainer. I consent to SSRGA's retention by the Debtor.

      4.    I intend to retain separate counsel to the extent necessary in this case.

      5.    I understand that SSRGA's duty of undivided loyalty is owed exclusively to Debtor. To the best of my knowledge, there are no other facts which otherwise create nondisinterestedness, actual conflict, or impermissible potential for conflict of interest.

Dated: New York, New York
      July 21, 2025

                                    By: s/Ahron Rudich

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                          Chapter 11

    Avon Place, LLC,                                                Case No.  25-41368 (JMM)

                  Debtor.
---------------------------------------------------------x

## ORDER AUTHORIZING RETENTION OF SPECIAL COUNSEL

Upon the application of the above-captioned debtor ("Debtor"), requesting authorization to retain to Schwartz Sladkus Reich Greenberg Atlas LLP ("SSRGA") to represent the Debtor, and upon the Declaration of Disinterest by Andrea Caruso, and it appearing that SSRGA neither holds nor represents any interest adverse to the Debtor or its creditors, and that its employment is necessary and in the best interests of the estate, and after due deliberation and sufficient cause appearing therefor, it is

ORDERED, that the Application is granted to the extent provided herein; and it is further

ORDERED, that the Debtor be, and it hereby is, authorized under section 327(e) of the Bankruptcy Code to employ SSRGA, as its special litigation counsel effective as of the filing of this case to perform litigation legal services; and it is further

ORDERED, that SSRGA will take all steps necessary to avoid any unnecessary duplication of services with any other professional retained by the Debtor including, general bankruptcy counsel; and it is further

ORDERED, that SSRGA shall be compensated for fees and reimbursed for reasonable and necessary expenses and will file interim and final fee applications for allowance of its compensation and expenses under sections 330 and 331 of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules of the Eastern District of New York, and applicable law; and it is further

ORDERED, that prior to any increases in SSRGA's rates for any individual retained by SSRGA and providing services in these cases, SSRGA shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee. The supplemental affidavit shall explain the basis for the requested rate increases under Section 330(a)(3)(F) of the Bankruptcy Code and state whether the client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase under Section 330 of the Bankruptcy Code; and it is further

ORDERED, that to the extent the Application is inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that, notwithstanding any provision to the contrary in the Application, the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

NO OBJECTION
WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE


By:  /s/_____