UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                              Chapter 11

    Avon Place, LLC                     Case no.  25-41368 (JMM)

                Debtor.
---------------------------------------------------------x

## NOTICE OF HEARING ON MOTION TO ESTIMATE CLAIM

      PLEASE TAKE NOTICE, that a hearing will be held before the Honorable Jill Mazer-Marino on August 18, 2025 at 10:00 a.m., or as soon thereafter as counsel can be heard, at the United States Bankruptcy Court, 271 Cadman Plaza East, Brooklyn, New York, 11201, to consider the application of Avon Place, LLC for an order pursuant to section 502(c) of the Bankruptcy Code estimating claim number 10 filed by 44 Avonwood Road Credit LLC.

      PLEASE TAKE FURTHER NOTICE, that those intending to appear at the hearing must register with eCourt Appearances no later than two days prior to the hearing.

      PLEASE TAKE FURTHER NOTICE, that objections shall be filed with the Clerk of the Bankruptcy Court, and served upon the undersigned to be received at least seven days prior to the hearing date.

Dated: New York, New York
       July 21, 2025

                                            BACKENROTH FRANKEL & KRINSKY, LLP
                                            Attorneys for the Debtor

                                            By: s/Mark A. Frankel
                                                  488 Madison Avenue
                                                  New York, New York  10022
                                                  (212) 593-1100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                              Chapter 11

    Avon Place, LLC                                              Case no.  25-41368 (JMM)

                        Debtor.
---------------------------------------------------------x

## MOTION TO ESTIMATE CLAIM 10 OF AVONWOOD ROAD CREDIT LLC

Avon Place, LLC (the "Debtor"), by its attorneys, Backenroth Frankel & Krinsky, LLP as and for its motion ("Motion") under section 502(c) of the Bankruptcy Code for the entry of an order estimating claim 10 filed by 44 Avonwood Road Credit LLC (the "Mortgagee"), respectfully represent as follows:

### BACKGROUND

1.  The Debtor incorporates herein its March 21, 2025 motion (ECF No. 72) to tor reduce the Mortgagee's Claim 10 ("Claim Objection"), and the Mortgagee's response (ECF No. 90) to that motion.

2.  A joint trial is scheduled for August 18, 2025 on the Claim Objection and confirmation of the Debtor's Chapter 11 plan ("Plan").

3.  The amount of the Mortgagee's claim is a significant factor in determining whether the Plan should be confirmed

### ARGUMENT

4.  Section 502(c) of the Bankruptcy Code provides for the estimation of unliquidated claims: "There shall be estimated for purposes of allowance under this section (1) any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case. . . ."  11 U.S.C. § 502(c).  *See In re Wallace's*

*Bookstores, Inc.*, 317 B.R. 720, 724 (Bankr. E.D. Ky. 2004) (holding that a liquidating supervisor had the right under section 502(c) to seek estimation of disputed claims pursuant to a plan of reorganization); *In re Adelphia Bus. Solutions, Inc.*, 341 B.R. 415, 422-23 (Bankr. S.D.N.Y. 2003) (estimating the disputed unliquidated amount of an administrative claim under section 502(c)).

        5.        The stated purpose for claims estimation is to "avoid undue delay in the administration of bankruptcy proceedings." *Frito-Lay, Inc. v. LTV Steel Co. (In re Chateaugay Corp.)*, 10 F.3d 944, 957 (2d Cir. 1993). As such, bankruptcy courts may estimate claims under section 502(c)(1) of the Bankruptcy Code in order: "[t]o avoid the need to await the resolution of outside lawsuits to determine issues of liability or amount owed by means of anticipating and estimating the likely outcome of these actions, and . . . to promote a fair distribution to creditors through a realistic assessment of uncertain claims." *O'Neill v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.)*, 981 F.2d 1450, 1461 (5th Cir. 1993). Estimation of a claim under section 502(c)(1) is appropriate if liquidating of a claim "will take too long and unduly delay the distribution of the estate's assets." *In re N.Y. Med. Group, P.C.*, 265 B.R. 408, 415 (Bankr. S.D.N.Y. 2001). Moreover, section 502(c) uses the word "shall," and, therefore, estimation is mandatory rather than permissive if the criteria of section 502(c) are met. *See, e.g., Int'l Bhd. Of Teamsters v. IML Freight, Inc.*, 789 F.2d 1460, 1463 (10th Cir. 1986); *In re Frontier Airlines, Inc.*, 137 B.R. 811, 814 (D. Colo. 1992); *In re Lane*, 68 B.R. 609, 611 (Bankr. D. Haw. 1986); *In re The Nova Real Estate Inv.*, 23 B.R. 62, 65 (Bankr. E.D. Va. 1982).

        6.        Reviewing a claim for estimation purposes requires only "sufficient evidence on which to base a *reasonable estimate* of the claim." *Bittner v. Borne Chem. Co.*, 691 F.2d 134, 135 (3d Cir. 1982) (emphasis added). For purposes of estimating claims under section 502(c) of the Bankruptcy Code, bankruptcy courts may use whatever method is best suited to the

particular contingencies at issue, provided that the procedure is consistent with the policy underlying chapter 11, that a "reorganization must be accomplished quickly and efficiently." *Id.* at 135-37.

7. At this point, it remains to be seen whether the Court will be able to fix the Mortgagee's claim at trial. If the Court is not able to do so, the Debtor submits that the factors supporting the estimation of claims under 502(c)(1) and (c)(2) are present. With respect to section 502(c)(1): (a) it may take a significant amount of time for the resolution of the Debtors' objection, and (b) that process may unduly delay the administration of the estate, particularly because the Debtors may be prepared to confirm their Plan forthwith.

## **CONCLUSION**

WHEREFORE, the Debtor respectfully request that if necessary, the Court consider entering an Order estimating the Mortgagee's Claim; and granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      July 21, 2025

                                      BACKENROTH FRANKEL & KRINSKY, LLP
                                      Attorneys for the Debtor

                                      By: s/Mark Frankel
                                          488 Madison Avenue
                                          New York, New York 10022
                                          (212) 593-1100