Steven J. Mandelsberg, Esq.
Joseph Orbach, Esq.
**THOMPSON COBURN LLP**
488 Madison Avenue
New York, New York 10022
Telephone:   (212) 478-7200
E-mail:        smandelsberg@thompsoncoburn.com
                   jorbach@thompsoncoburn.com

*Attorneys for Secured Creditor 44 Avonwood Road Credit LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| AVON PLACE, LLC, | Case No. 25-41368 (JMM) |
| Debtor. | |

------------------------------------------------------------X

**OBJECTION TO DEBTOR'S MOTION TO ESTIMATE**
**CLAIM 10 OF AVONWOOD ROAD CREDIT LLC**

Secured Creditor 44 Avonwood Road Credit LLC ("Avonwood Credit"), by its undersigned counsel, objects (the "Objection") to the *Motion to Estimate Claim 10 of Avonwood Road Credit LLC* [ECF 101] (the "Motion") filed by Avon Place, LLC (the "Debtor"), and respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. As the August 18 trial on its objection to Avonwood Credit's claim nears, the Debtor is desperate to avoid, or delay, an evidentiary hearing and determination of the plain, unequivocal loan documents as well as the Debtor's undisputed or incontrovertible defaults thereunder. Urging the Court to look to Bankruptcy Code section 502(c) and avoid actually deciding the amount of Avonwood Credit's claim in favor of estimating it, the Debtor disregards the limited scope of section 502(c), applicable law and the documentary record.

## SUMMARY OF GROUNDS FOR OBJECTION TO ESTIMATION MOTION

### A.   Avonwood Credit's Claim is Neither Contingent Nor Unliquidated

2.   Claims estimation under 502(c)(1) is only appropriate when the claim is either contingent or unliquidated. *See, e.g., Matter of Continental Airlines*, 981 F.2d 1450, 1461 (5th Cir. 1993).

3.   "It is generally settled that 'if all events giving rise to liability occurred prior to the filing of the bankruptcy petition', the claim is not contingent." *In re Keenan*, 201 B.R. 263, 265 (Bankr. S.D. Cal. 1996) (*quoting In re Nichols*, 184 B.R. 82, 88 (BAP 9th Cir. 1995)). Avonwood Credit's claim arose prior to the filing of the Debtor's bankruptcy petition and, therefore, is not contingent. *See id*.

4.   "[T]he question of whether a debt is liquidated turns on whether it is subject to 'ready determination and precision in computation of the amount due.'" *Id*. (*quoting In re Fostvedt*, 823 F.2d 305 (9th Cir. 1987)).  "[D]ebts arising from a contract are generally liquidated."[1] *Id*.

5.   Here, Avonwood Credit's claims are clearly based in contract (i.e., the Loan Documents)[2] and the amount of those claims are readily determinable by mathematical calculation.  Indeed, the only issues—each readily determinable at the trial set for August 18—relating to the amount of Avonwood Credit's liquidated claim are (a) whether to use the contract rate interest or default rate interest and (b) for which periods such interest rates are

---

[1] Examples of situations that have properly given rise to claim estimation motions illustrate the marked distinction from this case. *See., e.g., In re A.H. Robins Co.,* 88 B.R. 742 (E.D. Va. 1988), *aff'd sub nom. Menard-Sanford v. Mabey* (*In re A.H. Robins Co.*), 880 F.2d 694, 698-700 (employing claim estimation process on 195,000 unliquidated Dalkon Shield tort claims); *In re Continental Airlines, Inc.*, 57 B.R. 842 (Bankr. S.D. Tex. 1985) (employing claim estimation process on 13,000 unliquidated employee wage and labor claims).
[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to such terms in the *Secured Creditor 44 Avonwood Road Credit LLC's Response to Debtor's Claim Objection to Claim Number 10* [ECF 90].

applicable.

6.      If there were ever any doubt about whether Avonwood Credit's claim is liquidated, the Court need only look at the Debtor's own classification of that claim in Debtor's bankruptcy schedules. *See Summary of Assets and Liabilities, Sch. D* [ECF 14] (classifying the claim as "disputed" but not asserting it was contingent or unliquidated). In any event, "merely because a debtor disputes a debt, or has defenses or counterclaims, that does not render that debt contingent or unliquidated." *In re Albano*, 55 B.R. 363, 368 (N.D. Ill. 1985).

      **B.**      <u>**The Debtor had Failed to Establish "Undue" Delay**</u>

7.      Nor has the Debtor met its burden of establishing that fixing or liquidating that claim would "unduly" delay the administration of the case. 11 U.S.C. 502(c)(1).

8.      As explained by the court in *In re Dow Corning Corp.*,

> the party moving for estimation must show that the normal mode of liquidating the claim would create undue delay in the bankruptcy process. ... It is therefore incumbent upon the movant(s) to establish particulars as to why the delay which would be engendered by a typical liquidation would be undue in a particular instance.

211 B.R. 545, 573-74 (Bankr. E.D. Mich. 1997). This is because

> bankruptcy's general rule is to liquidate, not estimate. For estimation to be mandatory, then the delay associated with liquidation must be undue … Something is undue if it is unjustifiable … Inquiry into whether liquidating the [] claims would be unjust, due to any case delay that may result therefrom, dictates that the Court perform a kind of cost-benefit analysis by considering the time, cost and benefits associated with both estimation and liquidation.

*Id.*, at 563.

9.      Rather than engage in such an analysis, the Debtor engages in speculation,

conclusorily asserting that "(a) it **may** take a significant amount of time for the resolution of the Debtors' [sic] objection, and (b) that process **may** unduly delay the administration of the estate, particularly because the Debtors **may** be prepared to confirm their Plan forthwith." (Obj., 7 (emphasis added)). This failure is fatal to the Motion. *See, e.g., In re RNI Wind Down Corp.*, 369 B.R. 174, 178 (Bank. D. Del. 2007) ("Estimation is not required in this instance because there is no evidence in the record to establish that the fixing or liquidation of the claim would result in undue delay.").

10. Here, any such analysis would weigh heavily against claims estimation. The Debtor has already interposed an objection to Avonwood Credit's claim, the parties have engaged in expedited discovery, the Court has scheduled the trial on the same date as the hearing on confirmation of the Debtor's proposed plan (*see Pre-Trial Scheduling Order* [ECF 102]), and determination of the amount of the claim will be based on the plain, unequivocal Loan Documents and undisputed defaults thereunder. Introducing a claims estimation process at this stage (when the Debtor has made no effort to articulate how the Court should estimate the claim or the estimated amount) would, in and of itself, result in undue delay and unnecessary costs to the Debtor's estate.

### C. Section 502(c)(2) is Equally Inapplicable

11. Although the Motion references (without discussion) section 502(c)(2), that section is equally inapplicable because Avonwood Credit's claim does not arise from "a right to an equitable remedy for breach of performance" but rather from the contractual claims set forth in the Loan Documents. *See In re Financial Oversight and Management Board for Puerto Rico*, 121 F.4th 280, 311 (1st Cir. 2024) (holding that where a legal right to payment existed under the law of contracts "there was no need to estimate the [creditor's] 'right to payment' under

section 502(c)[(2)].").

## CONCLUSION

12. Given the upcoming trial on Avonwood Credit's claim and the inapplicability of section 502(c) of the Bankruptcy Code, the Court should deny the Motion with prejudice in advance of the trial so that no further estate or judicial resources are wasted on this meritless Motion.

**WHEREFORE**, Avonwood Credit respectfully requests that this Court (i) sustain the Objection, (ii) deny the Motion, and (iii) grant such other relief as the Court deems to be proper.

Dated: New York, New York
August 11, 2025

**THOMPSON COBURN LLP**

By: */s/ Joseph Orbach*
Steven J. Mandelsberg
Joseph Orbach
488 Madison Avenue
New York, NY  10022
Telephone: 212-478-7200
Fax: 212-478-7400
smandelsberg@thompsoncoburn.com
jorbach@thompsoncoburn.com

*Attorneys for Secured Creditor 44 Avonwood Road Credit LLC*