UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                          Chapter 11

    AVON PLACE LLC,                              Case No. 25-41368-JMM

               Debtor,

-------------------------------------------------------------x

## THE DEBTOR'S OBJECTION TO AVONWOOD ROAD CREDIT LLC'S MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE AND ARGUMENTS AND FOR AN <u>ADVERSE INFERENCE</u>

The debtor Avon Place, LLC (the "Debtor") submits this Objection to Avonwood Road Credit LLC's (the "Mortgagee") motion in limine to preclude the Debtor from offering certain evidence and for an adverse inference against the Debtor (Dkt. No. 113). The Mortgagee's motion in limine must be denied because, among things:

    **(A)**    **The Debtor Should Not Be Precluded From Questioning The Validity, Enforceability Or Execution Of Bankwell's Assignment Of The Loan To The Mortgagee**; and

    **(B)**    **The Court Should Not Draw Any Adverse Inference Against The Debtor, Let Alone On The Tax Default Issue In Which The Mortgagee Has Failed To Produce Any Notice Of Default.**

## THE LEGAL STANDARD

1.    "A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim ..." *See Hana Fin., v. Hana Bank*, 735 F.3d 1158, 1162 at n. 4 (9th Cir. 2013).

2.    Moreover, "'[e]vidence should not be excluded on a motion in limine unless such evidence is clearly inadmissible on all potential grounds.'" *Doe v. Lima*, No. 14-cv-2953, 2020 U.S. Dist. LEXIS 146540, at * 10 (S.D.N.Y. Aug 14, 2020) (citation omitted) ([italics in original]) (Mtn. ¶ 2).

## I. THE DEBTOR SHOULD NOT BE PRECLUDED FROM QUESTIONING THE VALIDITY, ENFORCEABILITY OR EXECUTION OF BANKWELL'S ASSIGNMENT OF THE LOAN TO THE MORTGAGEE

3. The Mortgagee seeks to preclude the Debtor from questioning the validity, enforceability and execution of Bankwell Bank's ("Bankwell") assignment of the loan to the Mortgagee based on the Debtor's purported admissions.[1]

4. Preliminarily, the Mortgagee bears the burden of proving that the assignment of the loan from Bankwell, the former mortgagee, was properly executed, and is valid and enforceable.

5. Moreover, if a holder seeks to enforce a note through foreclosure, the holder must produce the note. The note must be sufficiently endorsed so as to demonstrate that the foreclosing party is a holder, either by a specific endorsement to that party or by menas of a blank endorsement to bearer. *Bank of New York Mellon v. Horsey*, 182 Conn. App. 417, 440-41, 190 A.3d 105, 123 (2018).

6. Here, no matter how characterized, the Mortgagee basically seeks a dispositive ruling on the validity and/or enforceability of the Bankwell assignment which is a legal issue (as opposed to an evidentiary issue), and which is an improper use of a motion in limine. *See generally Hana Fin., v. Hana Bank*, 735 F.3d 1158, 1162 at n. 4 (9th Cir. 2013).

7. Additionally, the Debtor merely stipulated to the existence and recording of Bankwell's assignment of the loan to the Mortgagee.

---

[1] The Mortgagee admits that the Debtor's defenses based on the Mortgagee's bad faith are separate and apart from the issues concerning the validity, enforceabilty and execution of the Bankwell assignment (Mtn. ¶ 8).

8. The Mortgagee improperly attempts to transform the Debtor's stipulation as to the mere existence and recording of Bankwell's assignment into a full blown admission that the assignment is valid, enforceable and was properly executed. The bare fact that the assignment exists and was recorded, however, does not prove that it is either valid or enforceable, or that it was properly executed.

9. The Mortgagee also appears to allege that the Debtor is precluded from challenging the Bankwell assignment because the loan documents contain a provision that they are binding upon "successors and assigns." (Mtn. ¶ 9). Any such language, however, does not prove that the Bankwell assignment was either valid, enforceable or even properly executed.

10. The Mortgagee further alleges that the Debtor stated that the assignment "appears" to have been properly executed. The Debtor's qualified statement – in June and prior to any discovery – as to the mere execution of the assignment does not admit that the assignment is valid or enforceable, or even that it was properly executed.

11. Moreover, the Mortgagee's Rule 30(b)(6) designated deposition (and Trial) witness, Kyle O'Hehir, only recently admitted at his deposition on August 4, 2025, that the assignment was delivered to him by federal express, and not executed in front of him at a sit down closing (Ex A., O'Hehir Dep, p. 77, L's 20-25; & p. 78, L's 1-10). Thus, the Mortgagee's own Rule 30(b)(6) (and Trial) witness, Mr. O'Hehir, cannot confirm whether the assignment was properly executed.

12. Additionally, the Mortgagee does not dispute that evidence concerning the execution, validity and enforceabilty of Bankwell's assignment of the loan is relevant. Instead, the Mortgagee alleges that it would be prejudiced by permitting the Debtor to question such

issues at Trial. The Mortgagee ignores, however, that it bears the burden to prove that the Bankwell assignment was properly executed, valid and enforceable.

13.     Based on all of the foregoing, the first branch of the Mortgage's motion in limine must be denied.

## II. THE COURT SHOULD NOT DRAW ANY ADVERSE INFERENCE AGAINST THE DEBTOR, LET ALONE ON THE TAX DEFAULT ISSUE IN WHICH THE MORTGAGEE HAS FAILED TO PRODUCE ANY NOTICE OF DEFAULT

14.     Throughout the history of this bankruptcy case, the Mortgagee has consistently and repeatedly attempted to stick the Debtor with millions of dollars in default interest based on an alleged tax default dating back to *August 2023.*

15.     The Mortgagee has consistently and repeatedly failed, however, to produce any notice of default that was properly delivered to the Debtor, as required under the loan documents to trigger default interest based on a failure to pay taxes.

16.     In fact, the Mortgagee's repeated failure to produce a notice of default on the tax issue even prompted the Court at the recent Hearing on July 16, 2025 to observe that the Mortgagee was probably not entitled to default interest dating back to *August 2023* for the alleged tax default.

17.     In an obvious attempt to avoid its own evidentiary and discovery obligations and the Court's observation, the Mortgagee now seeks an adverse ruling against the Debtor on the tax default issue, i.e., that the Debtor should be liable for millions in default interest dating back to *August 2023* even though the Mortgagee failed to produce any notice of default to the Debtor to trigger default interest for failing to pay taxes.

18. The Mortgagee admits, however, that to obtain an adverse inference it must prove, among other things, that the missing evidence is relevant to the party's claim or defense (Mtn. ¶ 19); and/or that the party would be prejudiced without the evidence (Id, ¶ 19).

19. Here, as stated, the loan documents require the delivery of a notice of default and opportunity to cure to trigger a default for failure to pay taxes. Without proper delivery of a notice of default to the Debtor, the Mortgagee is not entitled to default interest based on the Debtor's alleged failure to pay taxes.

20. Thus, the threshold relevant evidence concerning the Mortgagee's claim for default interest based on the Debtor's alleged tax default in *August 2023*, is whether Bankwell, the Mortgagee's predecessor-in-interest, properly delivered a notice of default to the Debtor. Bankwell failed, however, to provide notice of default to the Debtor for nonpayment of taxes. Moreover, the Mortgagee's Rule 30(b)(6) (and Trial) witness, Mr. O'Hehir, admitted during his deposition that Bankwell had not delivered any default notices to the Debtor (Ex. A, O'Hehir Dep, p. 25, L's 8-23; & p. 52, L's 17-24).

21. The Mortgagee attempts to shift the failure to provide notice of tax default to the Debtor by alleging at least twice that the Debtor withdrew subpoenas for Bankwell's deposition (Mtn. ¶'s 16 & 21). The Mortgagee's allegations are breathtaking since it was not precluded from taking its own deposition of Bankwell, which it failed to do. In fact, the Mortgagee currently has a business relationship with Bankwell which financed the Mortgagee's purchase of the loan, and took back a security interest in the loan.

22. The Mortgagee also attempts to prejudice the Debtor by alleging that the Debtor failed to provide a signed deposition transcript. The Mortgagee omits, however, that it also failed to provide a signed deposition transcript for its own witness, Mr. O'Hehir.

23. Moreover, the Mortgagee alleges that the Debtor failed to produce certain documents (Mtn. ¶ 15). However, the specified documents (payments to insiders during *2024*; insurance claims; receipts from *June 1, 2024*; net proceeds from the Altbanq loan; & *current* valuation of the Property)(Id), are completely irrelevant to the Mortgagee's claim for the Debtor's alleged tax default dating back to *August 2023.*

24. The Debtor also provided responsive documents. For example, the Mortgagee alleges that the Debtor failed to produce documents relating to the valuation of the Property or proposals to purchase the Property (Mtn. ¶ 15). The Mortgagee fails to disclose, however, that the Debtor provided the contract of sale for the Property, and that the Mortgagee's Rule 30(b)(6) (and Trial) witness, Mr. O'Hehir, admitted during his deposition that "the best representation of fair market value is what someone is willing to pay for something." (Ex. A, O'Hehir Dep, p. 96, L's 17-19).

25. Additionally, the Mortgagee's allegation that it has been prejudiced by the Debtor's alleged failure to produce documents is even further undercut by the Debtor's timely submission of its Exhibit List and Exhibits for Trial.

26. Furthermore, the Mortgagee is seeking to use the motion in limine to obtain a dispositive ruling on the tax default issue, which is improper. *See Hana Fin., v. Hana Bank*, 735 F.3d 1158, 1162 at n. 4 (9th Cir. 2013)("[a] motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim."). This legal principle is especially applicable here since the

Mortgagee's motion in limine effectively seeks (albeit improperly and belatedly) to reargue the Court's prior ruling that the Debtor's objection to the Mortgagee's Claim 10 will be determined at Trial (See Ct's Pretrial Scheduling Order)[ECF 102].

27.     Based on the foregoing, the Court should deny the second branch of the Mortgagee's motion in limine which seeks an adverse inference against the Debtor on the tax default issue. In fact, to the extent that there should be any adverse inference it should be against the Mortgagee on the tax default issue due to its failure to produce any notice of tax default and for "wasting time" on this issue, given the Court's observation that the Mortgagee was not entitled to default interest for the alleged tax default dating back to *August 2023.*

## CONCLUSION

For all the foregoing reasons set forth herein, the Mortgagee's motion in limine (Dkt. No. 113) must be denied in all respects.

Dated:   New York, New York
         August 15, 2025

                                        SCHWARTZ SLADKUS REICH GREENBERG
                                        ATLAS LLP


                                        By:    s/Andrea J. Caruso
                                               Andrea J. Caruso, Esq.
                                        444 Madison Avenue
                                        New York, New York 10022
                                        Tel: (212) 743-1100
                                        Email: acaruso@ssrga.com

                                        *Proposed Special Litigation Counsel for Debtor*

BACKENROTH, FRANKEL & KRINSKY, LLP

By:    s/Mark A. Frankel
        Mark A. Frankel, Esq.
488 Madison Avenue, 23rd Floor
New York, New York 10022
Tel: (212) 593-1100
Email: mfrankel@bfklaw.com

*Attorneys for the Debtor*