UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re                                                                              Chapter 11

      Avon Place, LLC                                          Case no.  25-41368 (JMM)

                                Debtor.
----------------------------------------------------------x

# ORDER CONFIRMING CHAPTER 11 PLAN[1]

Avon Place, LLC (the "Proponent" or the "Debtor") having proposed its Amended Plan of Reorganization (the "Plan") dated June 12, 2025 (Dkt. 77); and the Disclosure Statement approved in connection with the Plan having been transmitted to creditors and equity security holders, and upon the hearing held before this Court on August 18, 2025 (the "Confirmation Hearing"), and upon the entire record of this case, and the Court having found: (a) that the sale of the one hundred and eighty (180) condominium units owned by the Debtor at the property known as Avon Place Condominiums and located at 44-46-47-48 Avonwood Road, Avon, CT 06001 (the "Property") to Imma Equities LLC, 99 5th Ave, LLC, Rudy Associates, LLC, Y2K, LLC, 429 Lincoln Holdings LLC, 437 JJ & J Associates, LLC, Royal Realty Associates, LLC and Alexus Associates, LLC, as tenants in common and collectively as designee of UP Realty, LLC (the "Purchaser") under the Plan is an arm's-length transaction, non-collusive, fair and reasonable, conducted openly and in good faith in accordance, and is in the best interests of the Debtor, its estate and creditors, (b) that the Purchaser, as transferee of the Property, is a good faith purchaser within the meaning of Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code § 363(m) or similar provisions of law,

---

[1] All terms not defined herein shall have the same meaning as in the Plan.

(c) that the sale of the Property to the Purchaser was not controlled by an agreement among potential purchasers in violation of Bankruptcy Code § 363(n), and (d) that the requirements for confirmation of the Plan set forth in 11 U.S.C. 1129(a) have been satisfied at the Confirmation Hearing, and (e) that cause exists for the Court to order that the stay under Bankruptcy Rule 3020(e) shall not apply to this Order; it is

ORDERED, that in resolution of the objection to confirmation of the Plan filed by New England Yankee Construction, LLC ("NEYLLC") [ECF No. 95], the Plan is hereby amended to add the following Class 1A under the "Claims Classification and Treatment" section of the Plan:

> Class 1A
>
> Classification – Mechanic's Liens filed against the Property filed by filed by New England Yankee Construction, LLC pursuant to the Connecticut Mechanic's Lien Law.  The Debtor estimates Class 1A claims total approximately $410,324.68.
>
> Treatment –  Payment in full in Cash of Allowed Amount on the Effective Date, plus interest at the applicable statutory rate as it accrues from the Petition Date through the date of payment.
>
> Voting – Unimpaired and deemed to have accepted the Plan.

ORDERED, that pursuant to sections 1129 and 1141 of the Bankruptcy Code, the Plan be, and it hereby is, confirmed; and it is further

ORDERED, that in furtherance of the Plan, the Debtor is directed to sell, transfer and convey the Property to the Purchaser as set forth in the Plan and subject to the Contract of Sale, a copy of which is attached as Exhibit "A" to the Debtor's August 9, 2025 Reply (Dkt. 108), the terms of which are incorporated herein by reference (the "Contract"), free and clear of all liens, encumbrances and interests, with all such liens, claims, encumbrances and interests to attach to the proceeds of sale, for the purchase price of $40,700,000; and it is further

ORDERED, that the Purchaser is a good faith purchaser within the meaning of Bankruptcy Code § 363(m) and, as such, is entitled to the full protection of Bankruptcy Code §363(m) or similar provision of law; and it is further

ORDERED, that on the Effective Date, the Debtor be, and hereby is, directed to (a) execute and deliver such documents (collectively, the "Closing Documents") as may be necessary for the Debtor to close the sale of the Property to the Purchaser as set forth in the Contract and/or the Plan, turn over the Property to the Purchaser, and all books, records, files, and other documents relating to the Property; and it is further

ORDERED, that the Debtor be, and hereby is, authorized and directed to execute, in the name of any necessary party, any notice of satisfaction, release or discharge of any lien, claim or encumbrance not expressly preserved in the Plan and/or this Order, and to deliver such notices to any and all federal, state and local governmental agencies or departments for filing and recordation; and it is further

ORDERED, that the Hartford County Clerk is hereby authorized and directed to record the Deed to be issued to the Purchaser pursuant to the Plan and all other documents as so executed; and it is further

ORDERED, pursuant to Bankruptcy Code § 1146, that the delivery of the Deed to be issued to the Purchaser pursuant to the Plan shall be made in implementation of the Plan, and qualify for the transfer tax exemption under section 1146(a) of the Bankruptcy Code, such that the filing of said Deed shall not be subject to payment of any transfer tax, stamp tax or similar tax; and it is further

ORDERED, that each and every federal, state and local governmental agency or department shall be authorized to accept and record any and all documents and instruments

necessary, useful or appropriate to effectuate, implement and consummate the transactions contemplated by the Plan, including, but not limited to any and all notices of satisfaction, release or discharge of any lien, claim or encumbrance not expressly preserved by the Plan; and it is further

ORDERED, that simultaneously with the closing of the sale on the Property, the Debtor shall direct the Purchaser to pay to an account designated in writing by 44 Avonwood Road Credit LLC (the "Mortgagee") the Allowed Claim of Mortgagee in the amount of $32,210,385.76, plus *per diem* interest of $13,550.39 each day after September 15, 2025 (the "Mortgagee Allowed Claim").  The foregoing Mortgagee Allowed Claim has been calculated pursuant to the Court's Order Reducing and Allowing Claim Number 10, and such calculation takes into account the effect of an Adequate Protection Payment (as defined in the Cash Collateral Order) to be made on or about September 10, 2025, pursuant to the Court's Order For the use of Cash Collateral (the "Cash Collateral Order") [ECF 49].  In the event such September 10, 2025 Adequate Protection Payment has not been made at the time of closing on the Property, the Mortgagee Allowed Claim shall be adjusted accordingly by adding the amount of the Adequate Protection Payment, namely $113,343.39, to the Mortgagee Allowed Claim.  For the avoidance of doubt, until the Effective Date of the Plan, the Cash Collateral Order remains in effect.  In addition to the payment of the Mortgagee Allowed Claim, on the Effective Date the Debtor will cause the Purchaser to fund $800,000 (the "Mortgagee Legal Fee Escrow") into an attorney escrow account held by the Debtor's bankruptcy counsel Backenroth Frankel & Krinsky LLP on account of legal fees of the Mortgagee.  The Mortgagee Legal Fee Escrow may only be distributed upon: (i) agreement of the Debtor and Mortgagee, or (ii) further order of the Court.

ORDERED, that the Debtor shall be the disbursing agent ("Disbursing Agent") under the Plan responsible for making distributions under the Plan, and shall file a disbursement report with the Bankruptcy Court upon making such distributions; and it is further

ORDERED, that the Disbursing Agent be, and hereby is, directed to make all distributions provided for under the Plan to creditors now holding allowed claims and shall make any subsequent distributions to creditors within five (5) days of the entry of an order allowing claims; and it is further

ORDERED, the Debtor, its respective equity holders, directors, officers, employees, attorneys, financial advisors, investment bankers and other professionals have acted in good faith in connection with the Plan, this Chapter 11 Case, and the formulation and consummation of the Plan, and accordingly, have satisfied Section 1125(e) of the Bankruptcy Code; and it is further

ORDERED, that except as otherwise expressly provided in the Plan, or any other Order of this Court, all persons or entities who have held, hold or may hold claims against or interests in the Debtor, along with their respective present and former employees, agents, officers, directors, principals and affiliates, are permanently enjoined, from and after the effective date of the Plan (the "Effective Date"), from taking any of the following actions against ~~the Proponent and/or~~ **(JMM)** the Debtor's assets and/or properties with respect to such claim or interest (other than actions brought to enforce any rights or obligations under the Plan):

    a) commencing or continuing in any manner any action or other proceeding of any kind,

    b) enforcing, attaching, collecting or recovering by any manner or means, whether directly or indirectly, any judgment, award, decree or order,

    c) creating, perfecting, or enforcing, in any manner, directly or indirectly, any encumbrance of any kind,

d) asserting any right of setoff, subrogation or recoupment of any kind, or

e) pursuing any claim released pursuant to the Plan;

and it is further

ORDERED, ~~that except as otherwise provided in the Plan, such injunction shall extend to any successors of the Debtor, and their respective properties and interests in properties. Additionally~~ **(JMM)** upon the entry of this Confirmation Order, all holders of claims and interests and other parties in interest, along with their respective present and former employees, agents, officers, directors, principals and affiliates are hereby enjoined (from taking any actions other than by or in connection with an appeal of this Confirmation Order) to interfere with the implementation or consummation of the Plan. Unless otherwise provided in the Plan, this Confirmation Order, or a separate order of the Court, all injunctions or stays arising under or entered during the Chapter 11 case~~s~~ under Sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the date of this Confirmation Order shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay; provided, however, that on the Effective Date, the stay shall be replaced to the extent provided in this Confirmation Order, with an injunction set forth in the Plan and/or Sections 524 and 1141 of the Bankruptcy Code; and it is further

ORDERED, that the Debtor shall file, within 45 days after the date of this Order, a status report detailing the actions taken by the Debtor and the progress made toward the consummation of the Plan; and it is further

ORDERED, that the Debtor shall file status reports with the Court every January 15th, April 15th, July 15th, and October 15th until a final decree has been entered closing the Debtor's chapter 11 case; and it is further

ORDERED, that the Debtor shall pay to the United States Trustee all fees due and payable by the Debtor, if any, under and pursuant to 28 U.S.C. § 1930, plus all applicable interest thereon, until the Debtor's chapter 11 case is either dismissed, converted to chapter 7, or until a final decree is entered closing the Debtor's chapter 11 case, whichever is earlier; and it is further

ORDERED, that this Court hereby retains exclusive jurisdiction over this Order, and to hear and to determine all controversies, suits and disputes, if any, as may arise in connection with the consummation of the Plan; and it is further

ORDERED, that this Order shall not be stayed under Bankruptcy Rule 3020(e).



Dated: September 17, 2025
Brooklyn, New York

_____
Jil Mazer-Marino
United States Bankruptcy Judge